**John R. CONNOR, Plaintiff,**

**v.**

**UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Clarence Thomas, Chairman, Equal Employment Opportunity Commission, U.S. Department of Labor, Elizabeth H. Dole, Secretary, U.S. Department of Labor, Defendants.**

**Civ. A. No. 89-4636.**

United States District Court, D. New Jersey.

March 12, 1990.

---

John R. Connor, Millburn, N.J., pro se.

Samuel A. Alito, U.S. Atty. by Susan C. Cassell, Asst. U.S. Atty., Newark, N.J., and U.S.E.E.O.C., Office of Legal Counsel by Wendy L. Adams and Kathleen Oram, Washington, D.C., for defendants.

## OPINION

DEBEVOISE, District Judge.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the United States Equal Employment Opportunity Commission (EEOC) moves to dismiss the plaintiff's claims that it violated the plaintiff's Fifth Amendment rights. The EEOC also argues that this court lacks subject matter jurisdiction over these claims.

## FACTS

Before summarizing the facts of this case I will outline the applicable agency law for government employees who wish to file discrimination claims against their employing agencies.

According to 29 C.F.R. § 1613.214 [1] federal agency employees who wish to file discrimination claims against their employing agencies must first file complaints of the alleged discrimination with their employers. After the agency issues a final decision, the complainant has two options. One option is that he may file an appeal with the EEOC, which entitles him to a hearing on the merits, §§ 1613.231–.234, .521, and subsequent EEOC reconsideration. If he is dissatisfied with these results he may file a complaint in federal district court pursuant to Title VII, or any other applicable federal statute. § 1613.281.

The second option available to a claimant who has received a final decision from his employing agency, is filing an appeal with the Merit Systems Protection Board ("MSPB"), instead of the EEOC. § 1603.401–424. If a claimant chooses this route, his complaint is labelled a "mixed complaint." Although he is entitled to a hearing before the MSPB on the merits of his complaint, he is not entitled to a *de novo* hearing by the EEOC. § 1613.405. When the MSPB decision becomes final, the claimant may appeal to a federal district court for review on the merits of the discrimination claim.

In this case, both the plaintiff and the DOL erred in their understanding and application of the federal regulations. The plaintiff worked for the Department of Labor ("DOL") until March 5, 1982 when he was fired for insubordination, misuse of government property, and unauthorized absences. Alleging that he was fired in retaliation for helping a co-worker file a union grievance, the plaintiff filed an intra-agency complaint for employment discrimination. The DOL held that the plaintiff was not discriminatorily discharged. On March 22, 1982, the plaintiff appealed his dismissal to the MSPB.

On April 29, 1982, while this appeal was still pending, the plaintiff filed a second EEO complaint with the DOL alleging that he was fired in retaliation for helping the same co-worker file an EEO complaint for sex discrimination with the DOL. Unaware that the plaintiff had a pending appeal before the MSPB, on May 27, 1982, a DOL officer informed the plaintiff that he was entitled to an EEOC hearing on the merits of his second claim. On September 20, 1982, when the DOL learned of the

1. Hereinafter I will refer to the sections of Title 29 exclusively by their section numbers.

pending MSPB appeal, it dismissed the plaintiff's second EEO complaint, claiming that it was identical to his initial complaint which was on appeal before the MSPB. The plaintiff appealed this decision to the EEOC. The EEOC reversed and remanded the second case to the DOL to handle as a "mixed case complaint."

On December 26, 1985 the DOL again erroneously informed the plaintiff that he was entitled to an EEOC hearing, contradicting the federal regulations which state that a "mixed case" claimant is only entitled to hearings before the MSPB. Unaware that the agency had committed this legal error, the plaintiff scheduled a hearing before the EEOC for June 4, 1987. When the DOL realized its error, it notified the plaintiff that he was not entitled to an EEOC hearing, and that the case should be processed as a "mixed case."

The DOL finally heard the merits of the second claim and ruled against the plaintiff on July 31, 1987. The plaintiff appealed this decision to MSPB, as is required for mixed cases. On January 5, 1988 MSPB held that the plaintiff's appeal was barred by *res judicata,* because the MSPB had already decided the issue of whether he had been discriminatorily fired, when he filed his original appeal with the department on March 22, 1982.[2] The MSPB denied subsequent review of the second claim.

The plaintiff appealed the MSPB dismissal to the EEOC on September 22, 1988. Although the EEOC did not have jurisdiction over the appeal, because it was a "mixed claim," it nonetheless acted outside of its scope and considered the appeal. The EEOC affirmed the MSPB holding, finding that the plaintiff had been given a full hearing on the identical factual situation by the MSPB, and that a second hearing would be duplicative of that hearing.

On April 10, 1989, the plaintiff requested that the EEOC reopen and reconsider its holding, claiming that it misinterpreted the law and regulations, and that it violated his Fifth Amendment due process rights by refusing to grant him a *de novo* rehearing on the merits. On September 15, 1989, this rehearing was denied. The EEOC held that the plaintiff failed to show that he was prejudiced by not having a rehearing.

The plaintiff subsequently filed this claim against the DOL and the EEOC. His complaint against the EEOC alleges Fifth Amendment due process violations, for denying him a *de novo* rehearing. The plaintiff seeks declaratory and injunctive relief. The EEOC moves to dismiss the plaintiff's complaints.

## DISCUSSION

*Motion to Dismiss*

A party seeking to dismiss a claim pursuant to 12(b)(6) of the Federal Rules of Civil Procedure must show that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief by law. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Johnsrud v. Carter,* 620 F.2d 29, 33 (3d Cir.1980). A judge must consider all facts alleged by plaintiff as true, and must draw all reasonable inferences in favor of the plaintiff. *Altemose Construction Co. v. Atlantic,* 493 F.Supp. 1181, 1183 (D.N.J. 1980). Plaintiff is not required to plead facts additional to those in the complaint to withstand the motion to dismiss. *Bogosian v. Gulf Oil Co.,* 561 F.2d 434, 446 (3d Cir.1977).

In *Hannah v. Larche,* 363 U.S. 420, 442, 80 S.Ct. 1502, 1514, 4 L.Ed.2d 1307 (1960), *reh'g denied* 364 U.S. 855, 81 S.Ct. 733, 5 L.Ed.2d 79 (1960), the United States Supreme Court stated that agencies may be held liable for due process violations only if they perform adjudicatory functions. A preliminary agency determination which is

2. This holding is in direct conflict with the EEOC decision which remanded the second complaint so that it could be processed *in addition* to the first complaint, which was being considered by the MSPB. The EEOC admits in its brief that "mixed complaint" situations do not normally involve the MSPB dismissals of discrimination claims on *res judicata* grounds, particularly when the first actions did not involve the same type of alleged discrimination, as subsequent claims.

not final, and which may be appealed to a federal court, cannot violate due process. Due process is satisfied if there is an opportunity to be heard before agency order becomes final. *Ewing v. Mytinger & Casselberry,* 339 U.S. 594, 598, 70 S.Ct. 870, 872, 94 L.Ed. 1088 (1949).

Several circuit courts have held that EEOC proceedings do not violate the Fifth Amendment, as the EEOC has no adjudicatory power. *Georator Corp. v. EEOC,* 592 F.2d 765, 768 (4th Cir.1979); *Francis-Sobel v. University of Maine,* 597 F.2d 15, 18 (1st Cir.1979). The EEOC merely processes complaints pursuant to the federal regulations. Any EEOC determination is non-final and non-binding because the complaining party may appeal to the federal district court, regardless of whether it receives a favorable or unfavorable EEOC determination.

In this case, even if I assume the plaintiff's allegations are true, as is required in a motion to dismiss, I must still dismiss the complaint against the EEOC for failure to state a claim for which relief can be granted. The plaintiff's substantive employment discrimination claim is against the DOL. The EEOC's denial of the plaintiff's request for a rehearing did not effect his substantive discrimination claim in any way. The EEOC is merely a conduit which funnels employment discrimination claims to the federal court. Any errors committed by the EEOC in administering the plaintiff's claims were incidental to his claim against the DOL and did not destroy the plaintiff's claim against the DOL. Because the plaintiff still has a vital federal remedy, it cannot claim that the EEOC violated its Fifth Amendment due process rights.

In dismissing the plaintiff's claim for failure to state a claim for which relief can be granted against the EEOC I repeat the First Circuit's words.[3]

> ... [W]ere ... [I] to find that the right to EEOC assistance is protected by an implied right of action found in the Fifth Amendment, then every federal bureaucrat would be subject to judicial review of the most minute aspects of his responsibilities as they affect members of the public. Such is a task ... [I am] neither eager nor constitutionally competent to undertake.

*Francis-Sobel,* 597 F.2d, at 18.

3. Since I have dismissed the complaint against the EEOC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure I will not address the EEOC's arguments concerning this court's lack of subject matter jurisdiction over the claim.