**Kenneth MITCHELL, Plaintiff,**

v.

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Defendant.**

Civ. A. No. 94–7203.

United States District Court, E.D. Pennsylvania.

June 13, 1995.

Kenneth Mitchell, Upper Darby, PA, pro se.

Grace C. Karmiol, EEOC Office of Legal Counsel, Washington, DC, for defendant.

*MEMORANDUM ORDER*

ANITA B. BRODY, District Judge.

Defendant, Equal Employment Opportunity Commission ("EEOC"), moves pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) to dismiss plaintiff's *pro se* complaint for lack of subject matter jurisdiction and for failure to state a claim. For the reasons set forth below, I conclude that plaintiff's complaint must be dismissed.

**I. BACKGROUND**

Plaintiff, in a one paragraph complaint, alleges that the EEOC "den[ied] [him] equal

opportunity" and "violat[ed] [his] civil rights" when it judged (and dismissed) under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17, a discrimination charge plaintiff had filed against Local 77 of the Philadelphia Musical Society. Compl. Plaintiff's underlying grievance against Local 77 is unclear from the present record, but it appears to have arisen out of (i) Local 77's unwillingness to dispense with its requirement that plaintiff present documentation establishing his eligibility for lifetime membership in Local 77 and (ii) Local 77's refusal to refund what plaintiff asserts are dues overpayments since the time he attained the requisite age for free membership in the musicians' union. Specifically, the record suggests that plaintiff asserted before the EEOC that Local 77 applied its documentation requirement and refund policy in a discriminatory fashion, accommodating white union members with respect to both matters but refusing to do so for him because he is black. *See* Docket Entry Nos. 3 (untitled response to EEOC's motion to dismiss) & 4 (attaching names of accommodated union members and portions of administrative record).

The EEOC interpreted plaintiff's charge against Local 77 to plead violations of Title VII and, finding no violation of that statute, dismissed the charge, thereby permitting plaintiff to sue in federal court. But plaintiff chose not to sue Local 77 or some other responsible third party. Instead, he commenced this action against the EEOC itself, contending that the EEOC erroneously applied Title VII to his underlying charge against Local 77 when Local 77 clearly did not meet Title VII's statutory definition of plaintiff's "employer." Compl.; Def.'s Mem. in Support of Mot. to Dismiss at 1. The EEOC now moves to dismiss plaintiff's complaint.

## II. DISCUSSION

■ The EEOC contends that I lack subject matter jurisdiction over this action because the jurisdictional provisions of Title VII confer jurisdiction only over suits against a discriminating private or public employer, which the EEOC is concededly not here.

*See* 42 U.S.C. §§ 2000e–5(f)(3), 2000e–6(b), 2000e–16. While the EEOC cites no authority directly on point, my research discloses that at least one court has adopted this very reasoning. *See Golyar v. McCausland,* 738 F.Supp. 1090, 1094 n. 8 (W.D.Mich.1990). Accordingly, to the extent that plaintiff's suit is premised on Title VII, I agree with the EEOC and the analysis in *Golyar* that there is no subject matter jurisdiction here.

■ But as discussed below, plaintiff's complaint could be construed as pleading a claim under the United States Constitution as well as under Title VII. Having thus implicated a federal question beyond Title VII, plaintiff has invoked my subject matter jurisdiction notwithstanding the legal insufficiency of his constitutional claim. *See Growth Horizons, Inc. v. Delaware County, Pa.,* 983 F.2d 1277, 1280–81 (3d Cir.1993) (citing *Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946) and *Kulick v. Pocono Downs Racing Ass'n, Inc.,* 816 F.2d 895 (3d Cir.1987)). Moreover, there is no suggestion here that this is one of those exceptional cases where a claim is pled frivolously or for the sole purpose of obtaining jurisdiction. *Growth Horizons,* 983 F.2d at 1280–81. Consequently, I find that I have subject matter jurisdiction here insofar as plaintiff's claim is advanced under the United States Constitution.

Turning to the EEOC's motion to dismiss for failure to state a claim, I construe plaintiff's *pro se* complaint with appropriate liberality, asking, under the standard enunciated in *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957), whether plaintiff is entitled to relief under any reasonable reading of the complaint. *Neptune v. Burlington County College,* No. 92 Civ. 5989, 1993 WL 273995, at *1 (E.D.Pa. June 28, 1993) (citations omitted). In essence, plaintiff here charges the EEOC with mishandling or otherwise improperly disposing of his claim against Local 77. Under no possible reading of the complaint does this state a viable claim against the EEOC.

■ The most plausible theory upon which plaintiff could be proceeding is that the EEOC's application of Title VII standards to his underlying discrimination charge against

Local 77 amounted to a denial of due process in violation of the Fifth Amendment. The Supreme Court has recognized that government agencies may be liable for due process violations committed in the course of performing their functions if those functions are "adjudicatory." *See Hannah v. Larche,* 363 U.S. 420, 442, 80 S.Ct. 1502, 4 L.Ed.2d 1307 (1960) ("[W]hen governmental agencies adjudicate or make binding determinations which directly affect the legal rights of individuals, it is imperative that those agencies use the procedures which have traditionally been associated with the judicial process."), *reh'g denied,* 364 U.S. 855, 81 S.Ct. 33, 34, 5 L.Ed.2d 79 (1960). But because EEOC determinations are fully appealable to the district court and are thus neither final nor binding, such determinations are not considered "adjudicatory" and "cannot violate due process." *Connor v. Equal Employment Opportunity Comm'n,* 736 F.Supp. 570, 573 (D.N.J.1990) (citing *Francis–Sobel v. University of Me.,* 597 F.2d 15, 18 (1st Cir.), *cert. denied,* 444 U.S. 949, 100 S.Ct. 421, 62 L.Ed.2d 319 (1979), and *Georator Corp. v. Equal Employment Opportunity Comm'n,* 592 F.2d 765, 768 (4th Cir.1979)). Consequently, due process does not furnish a basis for plaintiff's claim here.

Alternatively, plaintiff might be attempting to allege an equal protection violation of the Fifth Amendment by the EEOC. If so, he has not succeeded on this theory either, as he has not alleged that the EEOC treated his claim any differently than it treats those of other, similarly situated complainants. *See Dowling v. Commonwealth of Pa. Liquor Control Bd.,* No. 88 Civ. 7568, 1992 WL 328840, at *6 (E.D.Pa. Oct. 27, 1992) (equal protection claim requires proof of purposeful discrimination, which entails demonstration that plaintiff "received 'different treatment from that received by other individuals similarly situated.' ") (quoting *Andrews v. City of Philadelphia,* 895 F.2d 1469, 1478 (3d Cir.1990)).

Finally, insofar as plaintiff's complaint might be understood as pleading violations by the EEOC of Title VII itself, that statute, too, fails to support a cause of action here. As courts in this and other circuits have consistently held, Title VII does not permit a complainant such as plaintiff to sue the EEOC over the processing of a charge filed against a third party. *See Neptune,* 1993 WL 273995, at *1–*2 (no explicit or implicit cause of action against EEOC under Title VII based on EEOC's handling of discrimination claims against third party employer); *Hall v. Equal Employment Opportunity Comm'n,* No. 91 Civ. 7077, 1992 WL 57918, at *1 (same; collecting cases); *Becker v. Sherwin Williams,* 717 F.Supp. 288, 294 (D.N.J.1989) ("Courts that have considered whether the EEOC may be sued as a result of its handling or disposition of a charge have uniformly held that such suits are precluded.") (citations omitted). Thus, wholly independent of the fact that there is no subject matter jurisdiction over a Title VII claim such as this, *see supra,* plaintiff's attempt to state a claim against the EEOC under Title VII fails on the merits under Fed.R.Civ.P. 12(b)(6).

## III. CONCLUSION

Insofar as plaintiff has attempted to plead a claim under the United States Constitution, his complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. Alternatively, insofar as plaintiff's claim is pled under Title VII, it must be dismissed both pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction and pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. Accordingly, this 13th day of June, 1995, **IT IS ORDERED** that defendant's motion to dismiss for lack of subject matter jurisdiction is **DENIED IN PART AND GRANTED IN PART** and that defendant's motion to dismiss for failure to state a claim is **GRANTED IN ITS ENTIRETY.** This case is closed.