932 F.Supp. 660 (1996)
Richard H. ADAMS and Deryk Shaw, Plaintiffs,
v.
UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION and United States Defense Logistics Agency, Defendants.
Civil Action No. 95-CV-8088.
United States District Court, E.D. Pennsylvania.
May 7, 1996.
*661 *662 Anthony J. McKnight, Philadelphia, PA, for Plaintiffs.
Nadine M. Overton, United States Attorney Office, Philadelphia, PA, John D. Norquist, U.S. Equal Employment Opportunity Commission, Office of Legal Counsel, Washington, DC, for Defendants.

MEMORANDUM
JAMES McGIRR KELLY, District Judge.
Presently before the Court are the Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) of Defendant United States Equal Employment Opportunity Commission ("EEOC"), the Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) of Defendant United States Defense Logistics Agency ("DLA"), and the Motion to Strike Plaintiffs' Surreply Memorandum of Defendant EEOC. For the reasons set forth below, the Court will grant the Motions, but will allow Plaintiffs to file an amended complaint of employment discrimination against the head of the DLA.

BACKGROUND
This action arises out of administrative complaints filed by Plaintiffs with the DLA. Alleging that the DLA discriminated against them on the basis of their race, age, gender, and handicap by not selecting them for certain positions, Plaintiffs filed their complaints under Title VII, section 717 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, the Rehabilitation Act, 29 U.S.C. § 791, and the regulations that implement these acts at 29 C.F.R. § 1614. The DLA forwarded the complaints to the EEOC for an administrative hearing, and the EEOC administrative judge subsequently remanded the complaints to the DLA for failure to prosecute. The administrative judge also authorized the DLA to issue final agency decisions, which the DLA did.
Pursuant to 29 C.F.R. §§ 1614.402 and 1614.408, Plaintiffs were permitted to appeal these decisions to the Office of Federal Operations of the EEOC or to file a civil action in a federal district court for de novo review of the claims against the DLA. Instead, Plaintiffs informed the EEOC and the DLA that they believed that the administrative judge had wrongfully remanded the case to the DLA and requested that the complaints be transferred back to the EEOC for a hearing. *663 When Plaintiffs' requests were not granted, they filed the instant lawsuit. Plaintiffs do not seek de novo review of their claims against the DLA, nor do they seek a remedy for discrimination by the DLA. Rather, Plaintiffs challenge the administrative judge's remand of their claims to the DLA and the DLA's refusal to send the claims back to the EEOC for an administrative hearing. Plaintiffs allege that the remand was not authorized by 29 C.F.R. § 1614.107(g) or any other provision of that title, and that the failure to rescind the agency decisions and to hold an administrative hearing denied them their rights to petition the government for redress of grievances and to due process, in violation of the First and Fifth Amendments to the United States Constitution, Title VII of the Civil Rights Act of 1964, 29 C.F.R. § 1614, and other federal laws. Accordingly, Plaintiffs ask this Court to issue "an injunction against DLA ordering the agency to rescind its final decision and to remand plaintiffs' complaints to the EEOC for a full adjudicatory hearing on the merits of their complaints." See Plaintiffs' Memorandum in Support of Their Motion in Opposition to DLA's Motion to Dismiss at 4.
Defendants have moved to dismiss the Complaint for failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction. In response to the EEOC's Reply Brief in Support of its Motion, Plaintiffs filed what is in essence a surreply, entitled Plaintiffs' Memorandum of Law in Support of Their Reply in Opposition to the U.S. Equal Employment Opportunity Commission's Reply Brief in Support of its Motion to Dismiss. The EEOC has filed a Motion to Strike this surreply, to which Plaintiffs have not responded.

DISCUSSION

A. Motion to Strike Plaintiffs' Surreply Memorandum
Section 4 of the Pretrial and Trial Procedures furnished to the parties in this case provides that, after a motion, opposition, and reply memorandum have been filed, "[n]o further briefing by either party may be filed without express leave from the court." In addition, Local Rule of Civil Procedure 7.1(c) allows a court to grant a motion as uncontested "[i]n the absence of a timely response." In the instant case, Plaintiffs did not seek leave of the court to file their surreply and did not respond to the Motion to Strike. Accordingly, the Court will grant the EEOC's Motion to Strike Plaintiffs' Surreply Memorandum.[1]

B. Motions to Dismiss
The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of a complaint. See Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir.1987). A complaint may be dismissed for failure to state a claim upon which relief may be granted if the facts pled and reasonable inferences therefrom are legally insufficient to support the relief requested. See Commonwealth ex. rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 179 (3d Cir.1988). In reviewing a motion to dismiss, all allegations in the complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the nonmoving party. See Wisniewski v. Johns-Manville Corp., 759 F.2d 271 (3d Cir.1985).
Plaintiffs claim that they are entitled to relief pursuant to Title VII of the Civil Rights Act. Title VII, however, does not create "an express or implied cause of action against the EEOC to challenge its investigation and processing of a charge." McCottrell v. EEOC, 726 F.2d 350, 351 (7th Cir.1984); see also Scheerer v. Rose State College, 950 F.2d 661, 663 (10th Cir.1991) (same), cert. denied, 505 U.S. 1205, 112 S.Ct. 2995, 120 L.Ed.2d 872 (1992); Golyar v. McCausland, 738 F.Supp. 1090, 1093-94 (W.D.Mich.1990) (same). Instead, section 717 of Title VII, 42 U.S.C. § 2000e-16, allows a federal employee to file suit in federal court against the agency that employs him and to receive de novo review of the claim in that court. McCottrell, 726 F.2d at 352; Golyar, *664 738 F.Supp. at 1094 (citing Occidental Life Ins. Co. v. EEOC, 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977)). Finding that Congress intended this private right of action to "be the all-purpose remedy for charging parties dissatisfied with the EEOC's handling of their charge," courts have consistently precluded Title VII suits against the EEOC. E.g., Hall v. EEOC, 456 F.Supp. 695, 701 (N.D.Cal.1978); see McCottrell, 726 F.2d at 351-52. Therefore, Plaintiffs have failed to state a claim against the EEOC under Title VII, and the Court, accordingly, will dismiss the claim pursuant to Fed. R.Civ.P. 12(b)(6). Mitchell v. EEOC, 888 F.Supp. 710, 713 (E.D.Pa.1995); Scheerer, 950 F.2d at 663.[2]
Plaintiffs' claims against the DLA under Title VII also fail to state a claim upon which relief may be granted. Title VII was designed to eradicate unlawful discrimination, and the private right of action against an employer was intended to provide a remedy for such discrimination. In the instant Complaint, Plaintiffs do not seek a finding that the DLA unlawfully discriminated against them, nor do they seek a remedy for discrimination by the DLA. Rather, Plaintiffs seek only "an injunction against DLA ordering the agency to rescind its final decision and to remand plaintiffs' complaints to the EEOC for a full adjudicatory hearing on the merits of their complaints." See Plaintiffs' Memorandum in Support of Their Motion in Opposition to DLA's Motion to Dismiss at 4. This relief is clearly not available under Title VII. Therefore, to the extent that Plaintiffs seek relief against the DLA under Title VII, their Complaint fails to state a claim and will be dismissed without prejudice. The Court will allow Plaintiffs to file an amended complaint of employment discrimination against the head of the DLA,[3] under Title VII, the ADEA, and the Rehabilitation Act.
Although not asserted in the Complaint, Plaintiffs argue in their responsive brief that they have properly stated a claim under the Administrative Procedure Act ("APA"), based on the EEOC's alleged violation of 29 C.F.R. § 1614 in remanding for failure to prosecute, and the DLA's refusal to send the claims back to the EEOC for a hearing. The Court finds this argument meritless. Under the APA, only "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704. "Agency action" is defined as "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13). In the instant case, Defendants' actions are not made reviewable by statute and Plaintiffs clearly have an adequate remedy in court: Title VII, 42 U.S.C. § 2000e-16, the ADEA, 29 U.S.C. § 633a, and the Rehabilitation Act, 29 U.S.C. § 794a, each allow a complainant to seek de novo review of his discrimination claim in federal district court. Courts have consistently found that Congress intended this private right of action to be an "adequate remedy in a court" as defined by the APA, thus precluding judicial review. E.g., Hall, 456 F.Supp. at 701. Therefore, Defendants' alleged mishandling of Plaintiffs' complaints is not reviewable by this Court under the APA. See Washington Legal Found. v. Alexander, 984 F.2d 483, 486 (D.C.Cir.1993) (holding that implied right of action for discrimination under Title VI was adequate remedy in court precluding review under the APA); Ward v. EEOC, 719 F.2d 311, 313-14 (9th Cir.1983) (ruling that EEOC's failure to *665 prosecute discrimination claim was not reviewable under the APA due to the existence of private right of action), cert. denied, 466 U.S. 953, 104 S.Ct. 2159, 80 L.Ed.2d 544 (1984); Stewart v. EEOC, 611 F.2d 679, 682-84 (7th Cir.1979) (holding that EEOC's delay in making reasonable cause determination was not reviewable under APA because action was not final and plaintiffs had adequate remedy in court).
In further support of their claims, Plaintiffs cite Morris v. Rice, 985 F.2d 143, 145 (4th Cir.1993), in which the court held that, in federal employment cases, an EEOC decision that is favorable to the complainant is final and binding on the employer. Plaintiffs, thus, argue that they have a right to a binding decision in their favor by the EEOC, thereby obviating the need for a de novo review in this Court, and that the denial of this right is reviewable by this Court. The Court, again, finds Plaintiffs' argument without merit. Although an agency decision may bind the employing agency, the complainant is always entitled to seek de novo review of his claim. Id. Plaintiffs' argument, therefore, does not change the fact that they have an adequate remedy in court that precludes judicial review of the agency decisions under the APA or other statute. The Court also notes that Plaintiffs were, in fact, afforded the opportunity to have a hearing before an EEOC administrative judge. The administrative judge appointed to conduct the hearing found that Plaintiffs had failed to prosecute their claims and, accordingly, remanded the case to the DLA.[4] Under the statutory and regulatory framework, Plaintiffs were entitled to appeal the ultimate decisions on their claims to the EEOC Office of Federal Operations or to seek de novo review in this Court. Plaintiffs are not permitted, however, to obtain rescission of the agency decisions and an injunction requiring the EEOC to hold a hearing.
Plaintiffs' claims under the First and Fifth Amendments are also deficient. The crux of Plaintiffs' First Amendment challenge is that, by remanding the claims to the DLA and failing to provide a hearing before the EEOC, Defendants denied Plaintiffs their right to petition the government for redress of grievances. Plaintiffs, however, have failed to allege facts showing how this right was denied. Further, although their claims were remanded without an administrative hearing, Plaintiffs have not been denied their right to de novo review of their discrimination claims in the federal courts. Because this right has not been denied, Plaintiffs have failed to allege that their First Amendment right to petition the government has been denied, and the Court will dismiss that claim.
Plaintiffs argue that the failure to hold a hearing denied them due process under the Fifth Amendment. Government agencies may violate the due process clause when they adjudicate or make binding determinations. Mitchell, 888 F.Supp. at 713 (citing Hannah v. Larche, 363 U.S. 420, 442, 80 S.Ct. 1502, 1514-15, 4 L.Ed.2d 1307 (1960)). Because federal employees are entitled to seek de novo review of their claims in the district courts, however, an EEOC or DLA determination of an employment discrimination claim is neither an adjudication nor a binding determination.[5]See Mitchell, 888 F.Supp. at 713. Such decisions, therefore, cannot violate the due process clause, and Plaintiffs' Fifth Amendment claims, accordingly, will be dismissed. See id.; Connor v. EEOC, 736 F.Supp. 570, 573 (D.N.J.1990) ("Because the plaintiff still has a vital federal remedy [against the employer], it cannot claim that the EEOC violated its Fifth Amendment due process rights.").

CONCLUSION
The Court will dismiss Plaintiffs' Complaint without prejudice, and will allow Plaintiffs *666 to file an amended complaint of employment discrimination against the head of the DLA under Title VII, the ADEA, and the Rehabilitation Act. If Plaintiffs fail to file a timely amended complaint, the Court will dismiss the Complaint with prejudice.
An appropriate Order follows.

ORDER
AND NOW, this 7th day of May, 1996, upon consideration of the Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) of Defendant EEOC, the Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) of Defendant DLA, the Motion to Strike Plaintiffs' Surreply Memorandum of Defendant EEOC, and the responses and replies filed by the parties, and for the reasons stated in the foregoing Memorandum, it is hereby ORDERED that Defendants' Motions are GRANTED as follows:
1. Plaintiffs' surreply, entitled Memorandum of Law in Support of Their Reply in Opposition to the U.S. Equal Employment Opportunity Commission's Reply Brief in Support of its Motion to Dismiss [Docket Entry 8], is STRICKEN;
2. Plaintiffs' Complaint is DISMISSED without prejudice. Plaintiffs may file, on or before June 7, 1996, an amended complaint of employment discrimination against the head of the DLA under Title VII, the ADEA, and the Rehabilitation Act;
3. If Plaintiffs fail to file an amended complaint on or before June 7, 1996, Plaintiffs' Complaint will be DISMISSED with prejudice.
NOTES
[1] The Court notes, in addition, that it has read the surreply memorandum and that it would not change the Court's findings in this matter.
[2] Dismissal is also appropriate for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). Mitchell, 888 F.Supp. at 712; Golyar, 738 F.Supp. at 1094 n. 8.

Plaintiffs did not file this Complaint under the ADEA or the Rehabilitation Act. However, because Plaintiffs filed their initial administrative complaints pursuant to those acts and because Plaintiffs allege in the instant Complaint that Defendants violated "other federal laws," the Court notes that the ADEA and the Rehabilitation Act, like Title VII, do not provide Plaintiffs with a cause of action against the EEOC. Id. at 1095-96.
[3] The head of the governmental entity alleged to have discriminated is the only proper defendant in a suit under Title VII, the ADEA, and the Rehabilitation Act. Ellis v. United States Postal Service, 784 F.2d 835, 838 (7th Cir.1986); Golyar, 738 F.Supp. at 1093-95. Thus, Plaintiffs should name the head of the DLA instead of the DLA itself as a defendant.
[4] Pursuant to 29 C.R.R. § 1614.109(d)(3)(iv)-(v), when a complainant fails without good cause to comply with requests for information, the EEOC administrative judge is authorized to "[i]ssue a decision fully or partially in favor of the opposing party" or to "[t]ake such other actions as appropriate." In addition, § 1614.107(g) requires an agency, here the DLA, to dismiss a complaint for failure to comply with requests for information within a specified time.
[5] Although Plaintiffs are correct that a federal employer is bound by an adverse decision, the employee may always seek de novo review. Morris, 985 F.2d at 145. Thus, the decision is not binding as to the employee.