**W. Gilbert STOREY and Lynn D. Abernethy, Jr., Plaintiffs,**

v.

**Robert RUBIN, Ronald A. Glazer, Michael Morgan–Gaide, Nelson A. Brooke, Paul Harrington, Robert M. Finer, Gilbert Casellas, and Ronald Blumenthal, Defendants.**

**Civil Action No. 1:96–CV–2320FM.**

United States District Court,
N.D. Georgia,

April 25, 1997.

W. Gilbert Storey, Decatur, GA, for Plaintiffs.

Amy Berne Kaminshine and Lori Beranek, Office of U.S. Attorney, N.D. Ga., Stephanie Garner Thompson, E.E.O.C., Washington, DC, for Defendants.

## ORDER

HULL, District Judge.

Plaintiffs W. Gilbert Storey and Lynn D. Abernethy, Jr. bring this action against Defendants under the Mandamus and Venue Act, the Administrative Procedure Act (NAPAU), the Age Discrimination in Employment Act ("ADEA"), and Title VII of the Civil Rights Act of 1964. This matter is before the Court on Defendants' Motions to Dismiss [7–1; 8–1].

## I. *PLAINTIFFS' FACTUAL ALLEGATIONS*

Plaintiffs, employees of the Internal Revenue Service ("IRS"), allege that the IRS discriminated against Plaintiff Storey based on his age, race, and sex in not selecting Plaintiff Storey for certain positions for which Plaintiff Storey applied. Plaintiff Storey filed an administrative complaint of discrimination and the IRS and the EEOC investigated Plaintiff Storey's administrative complaint. During the administrative process, Plaintiff Abernethy acted as Plaintiff Storey's personal representative.

Plaintiffs brought this action not to review the merits of Plaintiff Storey's allegations of discrimination, but rather to challenge certain practices employed by Defendants in investigating and processing Plaintiff Storey's administrative complaint of discrimination. The Court first outlines the facts concerning Defendants' investigation and processing of Plaintiff Storey's administrative complaint.

### A. *Plaintiff Storey Files Administrative Complaint Of Discrimination*

On August 10, 1995, Plaintiff Storey filed a formal administrative complaint of discrimi-

nation against Defendants Robert Rubin, Ronald A. Glazer, and Michael Morgan-Gaide.[1] In his administrative complaint, Plaintiff Storey alleged (1) that he was discriminated against when he was not selected for the position of GS–512, Revenue Agent under Vacancy Announcement Number 95–FOO67B allegedly because of his age (55), color (white), race (white), and sex (male), which discrimination allegedly became a continuing violation when Plaintiff Storey was not selected to fill three later vacancies; and (2) that the IRS's employment policies and initiatives "foster a performance appraisal system that disparately impacts Caucasian males with regard to recruitment, development and promotion of Revenue Agents in the Atlanta District." Complaint, ¶ 5. Plaintiff Storey designated Plaintiff Abernethy to act as his personal representative during the administrative process.

### B. *The IRS Accepts Plaintiff Storey's Complaint For Investigation*

#### 1. *The IRS Investigates Only One of Plaintiff Storey's Claims and Refuses to Grant Plaintiff Abernethy Official Time to Participate in the Complaint Process*

On October 13, 1995, the IRS notified Plaintiff Storey that his administrative complaint was accepted for investigation on these two issues. However, Plaintiffs allege that the individual assigned to investigate Plaintiff Storey's administrative complaint was instructed not to investigate issue number 2. Also according to Plaintiffs, while both Plaintiffs requested official time to meet with the individual investigating Plaintiff Storey's administrative complaint, only Plaintiff Storey's request for official time was granted. Plaintiff Abernethy subsequently requested and was granted personal annual leave time in order to participate in the complaint processing.

In February 1996, the individual assigned to investigate Plaintiff Storey's administra-

---

**1.** Defendant Rubin is the Secretary of the Department of Treasury. Defendant Glazer is the Director of the Equal Employment Opportunity Program at the Department of Treasury. Defen-

dant Morgan–Gaide is the Director of Discrimination Complaints at the Department of Treasury.

tive complaint transmitted his report to Defendant Morgan–Gaide. Instead of transmitting the report to Plaintiffs, Defendant Morgan–Gaide requested Plaintiff Storey to consent in writing to an extension of the 180 investigation by an additional 90 days.[2] Plaintiff Storey did not consent to an extension. In the Spring of 1996, Plaintiffs contacted Defendant Morgan–Gaide several times about receiving the investigator's report. During this time, Plaintiffs also requested to have a hearing before an administrative judge of the EEOC.

### 2. Plaintiffs Obtain Copy of Investigator's Report and the Case is Assigned to an EEOC Administrative Judge

When Plaintiffs still did not get a copy of the investigator's report, Plaintiff Abernethy notified Defendant Morgan–Gaide of Plaintiffs' intention to request a copy of the report under the Privacy Act. At this point, Defendant Morgan–Gaide sent Plaintiff Abernethy a copy of the report. Simultaneously, Defendant Morgan–Gaide requested Chairman of the Equal Employment Opportunity Commission ("EEOC") Defendant Gilbert Casellas to assign the matter to an EEOC administrative judge. The matter was assigned to Administrative Judge Marcy D. Louza. By order dated July 15, 1996, Judge Louza authorized discovery by both parties.

Plaintiffs served discovery requests on the IRS. Plaintiffs allege (1) that IRS counsel Defendant Robert Finer informed Plaintiffs and Judge Louza that he did not intend to address the continuing violation portion of issue number 1; and (2) that Defendant Finer refused to respond to discovery requests on issue number 2, claiming that issue number 2 was a class action matter. After Plaintiff Abernethy allegedly responded with authority to the contrary (regarding Defendant Finer's stance, i.e. a class action), Judge Louza informed Defendant Finer that the issue

was appropriate for a hearing. Defendant Finer nonetheless continued to refuse to respond to discovery requests relating to issue number 2.

### 3. Plaintiffs Attempt to Compel Defendants to Grant Plaintiff Abernethy Official Time to Participate in the Complaint Process and to Compel Defendants to Respond to Discovery Requests

Subsequently, Plaintiffs filed a motion for an order directing Defendant Rubin to grant Plaintiff Abernethy a reasonable amount of official time to participate in the complaint processing and a motion to compel Defendant Rubin to produce the requested documents pertaining to issue number 2. Judge Louza denied Plaintiffs' motion for official time, citing her lack of authority to issue such an order. As for Plaintiffs' motion to compel, Defendant Finer advised Judge Louza that Defendant Rubin intended to retroactively dismiss the continuing violation portions of issue number 1 and all of issue number 2. In September 1996, Defendant Finer sent Judge Louza and Plaintiff Abernethy a copy of Defendant Rubin's dismissal of portions of issue number 1 and all of issue number 2 and Judge Louza informed Plaintiff Abernethy that the EEOC was accepting the dismissal. Judge Louza also informed Plaintiffs of their right to appeal to the Office of Federal Operations ("OFO") of the EEOC.

### C. Plaintiffs Bring This Instant Cause Of Action

Plaintiffs never appealed to the OFO. Instead, Plaintiffs brought this action against Defendants Rubin, Glazer, Morgan–Gaide, Finer, and Casellas, as well as Defendants Nelson A. Brooke, Paul Harrington, and Ronald Blumenthal.[3] Plaintiffs do not request the Court to review the substantive

---

**2.** The EEOC is required to complete its investigation of a complaint of discrimination within 180 days. However, the time for investigation can be extended for 90 additional days with the written consent of all the parties. 29 C.F.R. § 1614.108(e).

**3.** Defendant Brooke is Director of the Georgia District of the Internal Revenue Service. Defendant Harrington is Director of the Baltimore District of the Internal Revenue Service. Defen-

issues alleged in Plaintiff Storey's administrative complaint. Rather, Plaintiffs request this court to review the administrative process itself as it relates to (1) the IRS's dismissing portions of issue number 1 and all of issue number 2 of Plaintiff Storey's administrative complaint; (2) the IRS's alleged refusal to respond to certain discovery requests; (3) the IRS's denial Plaintiff's request for official time; and (4) generally, the IRS's alleged arbitrary and capricious handling of Plaintiff Storey's administrative complaint.

## II. *DISCUSSION*

### A. *The Mandamus And Venue Act*

■ Plaintiffs proceed primarily under the Mandamus and Venue Act, 28 U.S.C. § 1361. Plaintiffs seek a writ of mandamus compelling Defendants (1) to investigate all of the issues alleged in Plaintiff Storey's administrative complaint, (2) to award "reasonable" official time to Plaintiff Abernethy, and (3) to respond to all "reasonable" discovery requests. The Court finds that mandamus relief is not proper in this case for the following reasons.

Under the Mandamus and Venue Act, "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The remedy of mandamus is considered a drastic one that should be awarded only in extraordinary situations. *See Mallard v. United States District Court*, 490 U.S. 296, 309, 109 S.Ct. 1814, 1822, 104 L.Ed.2d 318 (1989); *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34, 101 S.Ct. 188, 189, 66 L.Ed.2d 193 (1980). To be entitled to mandamus, a plaintiff/petitioner must demonstrate (1) a clear right to the relief he requests, (2) a clear, non-discretionary duty in the respondent/defendant to perform the action sought, and (3) the absence of an adequate alternative remedy. *Mallard*, 490 U.S.

at 309, 109 S.Ct. at 1822; *Stephens v. Dept. of Health & Human Servs.*, 901 F.2d 1571, 1576 (11th Cir.1990); *District Lodge No. 166 v. TWA Servs. Inc.*, 731 F.2d 711, 717 (11th Cir.1984) (quoting *Carter v. Seamans*, 411 F.2d 767, 773 (5th Cir.1969)). The burden of showing each element is on Plaintiffs. *See Mallard*, 490 U.S. at 309, 109 S.Ct. at 1822; *In re Special March 1974 Grand Jury*, 541 F.2d 166, 171 (7th Cir.1976).

This case does not present the extraordinary type of situation that warrants mandamus relief. As an initial matter, Plaintiffs have not shown a clear right to the relief they request. More importantly, however, Plaintiffs have an adequate alternative remedy. Plaintiffs sought the relief they seek here through mandamus during the proceedings before the EEOC administrative judge. While Judge Louza denied relief, she informed Plaintiffs that Plaintiff Storey had a right to appeal to the OFO. Instead of appealing to the OFO, Plaintiffs brought this action. Also, as the Court discusses below, Plaintiff Storey has a right to a *de novo* review of his claims in federal district court. Mandamus relief is not warranted here.

Accordingly, the Court **DISMISSES** Plaintiffs' claim under the Mandamus and Venue Act and **DENIES** Plaintiffs' Petition for Writ of Mandamus.

### B. *The Administrative Procedure Act*

■ Under the APA, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. However, not all agency action comes within the scope of the APA. *ITT Corp. v. Local 134, IBEW*, 419 U.S. 428, 443–44, 95 S.Ct. 600, 609–10, 42 L.Ed.2d 558 (1975). Only "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704.

Here, the Court has no jurisdiction over Plaintiffs' claim under the APA because

dant Blumenthal is Director of the OFO for the EEOC.

Plaintiff Storey can seek a *de novo* review of his claims in federal district court and such is an "adequate remedy in a court" for purposes of the APA. *Ward v. EEOC,* 719 F.2d 311, 314 (9th Cir.1983); *Stewart v. EEOC,* 611 F.2d 679, 682–84 (7th Cir.1979); *Adams v. EEOC,* 932 F.Supp. 660, 664–65 (E.D.Pa. 1996); *Forbes v. Reno,* 893 F.Supp. 476, 481–82 (W.D.Pa.1995), *aff'd,* 91 F.3d 123 (3d Cir. 1996). The Court recognizes that Plaintiffs do not challenge any findings of Defendants regarding the merits of Plaintiff Storey's claims. Rather, Plaintiffs challenge the processes employed by Defendants in investigating Plaintiff Storey's claims. However, the result is the same.

When reviewing an agency action under the APA, a primary portion of the Court's analysis focuses on whether the agency action has any "determinate consequences for the party to the proceeding." *ITT Corp.,* 419 U.S. at 443, 95 S.Ct. at 610. Plaintiffs' claim under the APA loses sight of the fact that Plaintiff Storey's rights are not in any specific administrative proceeding or the manner in which it is carried out. Rather, Plaintiff Storey has a right to an employment setting free of discrimination based on color, race, and sex. "The EEOC's negligence or inaction in the internal processing of a complaint has no determinate consequences [on an employee's rights] because such actions are merely prepatory to a lawsuit by either the EEOC or the charging party; only the district court may fix liability." *Ward,* 719 F.2d at 313–14.

Therefore, the Court **DISMISSES** Plaintiffs' claim under the APA for lack of subject matter jurisdiction.

### C. Title VII And The ADEA [4]

#### 1. Lack of Subject Matter Jurisdiction

■ Federal Courts are courts of limited jurisdiction and may hear a case only if it is authorized to do so by a congressional grant of jurisdiction. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982); *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976). While federal courts generally have subject matter jurisdiction over claims arising under Title VII and the ADEA, this subject matter jurisdiction typically arises from one of the five specific code sections in these two remedial schemes through which Congress explicitly created rights of action, namely: (1) 42 U.S.C. § 2000e–5(f)(3) (Title VII) (authorizing the EEOC, Attorney General, and aggrieved employees to bring civil actions in federal court); (2) 42 U.S.C. § 2000e–6(b) (Title VII) (authorizing three judge district courts for pattern and practice cases of general importance brought by the Attorney General or the EEOC); (3) 42 U.S.C. § 2000e–16 (Title VII) (authorizing federal employees or applicants to bring civil actions); (4) 29 U.S.C. § 626 (ADEA) (authorizing aggrieved employees and applicants to bring a cause of action); (5) 29 U.S.C. § 633a (ADEA) (authorizing federal employees and applicants to bring a cause of action). None of these five sections creates a right or action or confers on this Court jurisdiction over a claim by a federal employee against the EEOC, or any other agency, challenging any aspect of the administrative processes (or any application of that process) by which complaints of discrimination are investigated and resolved.

Further, Plaintiffs cannot assert federal question jurisdiction under 28 U.S.C. §§ 1331, 1343, or 1346. Federal courts have federal question subject matter jurisdiction under these sections only when Congress explicitly or implicitly has created a private right of action independent of these sections supporting a given plaintiff's claim. *See City of Huntsville v. City of Madison,* 24 F.3d 169, 171–72 (11th Cir.1994) ("Federal question jurisdiction may be based on ... a federal cause of action established by a Con-

---

4. The remedial scheme of the ADEA parallels the remedial scheme of Title VII Thus, the analysis of Plaintiffs' claims under these statutes is identical.

gressionally-created expressed or implied private remedy for violations of a federal statute."); *see also Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S. 804, 809, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986); *Lykins v. Pointer Inc.,* 725 F.2d 645, 648 (11th Cir. 1984) ("[T]he jurisdictional grant of section 1343(3) is restricted to actions 'authorized by law' ...." (quoting *Aldinger v. Howard,* 427 U.S. 1, 16–17, 96 S.Ct. 2413, 2421, 49 L.Ed.2d 276 (1976))); *Graham v. Henegar,* 640 F.2d 732, 735 (5th Cir.1981) ("[T]he Tucker Act [, § 1346(a)(2),] 'merely confers jurisdiction ... whenever the substantive right exists.'" (quoting *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976))); *Ellis v. Cassidy,* 625 F.2d 227, 229 (9th Cir.1980) ("Similarly, 28 U.S.C. § 1343 does not create an independent basis for federal jurisdiction, but only serves to confer jurisdiction where a federal cause of action is provided by one of the substantive sections of the Civil Rights Act.").[5]

Thus, the Court does not have subject matter jurisdiction over Plaintiffs' claims under Title VII or the ADEA.

### 2. *Failure to State a Claim*

■ However, assuming *arguendo* the Court does have subject matter jurisdiction over Plaintiffs' claims under Title VII and the ADEA, Plaintiffs' claims still are due to be dismissed because Plaintiffs' Complaint fails to state claims under Title VII or under the ADEA upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6).

Title VII and the ADEA create causes of action against only the employers of individuals injured by acts of discrimination in the workplace. *See* 42 U.S.C. § 2000e–16(c); 29 U.S.C. § 633a; *Canino v. Equal Employ-*

*ment Opportunity Comm'n,* 707 F.2d 468, 472 (11th Cir.1983) ("[T]he head of the agency involved is the only appropriate defendant in the Title VII action under section 717."). Plaintiffs are not employees of the EEOC and thus cannot state a claim of discrimination against the EEOC under Title VII or the ADEA.

Interestingly, Plaintiffs do not claim that the EEOC discriminated against Plaintiffs. Rather, Plaintiffs challenge only the administrative process regarding Plaintiff Storey's administrative complaint of discrimination. However, as the Court discussed earlier, Congress has not explicitly created a right of action against the EEOC or any other agency based upon the handling of a administrative complaint of discrimination. Further, it is well settled that charging parties do not have an implied remedy against the EEOC or any other agency arising from the handling of a charge or a decision. *See, e.g., Baba v. Japan Travel Bureau Int'l. Inc.,* 111 F.3d 2, 4 (2d Cir.1997); *Scheerer v. Rose State College,* 950 F.2d 661, 663 (10th Cir. 1991); *McCottrell v. Equal Employment Opportunity Comm'n,* 726 F.2d 350, 351 (7th Cir.1984); *Gibson v. Missouri Pac. R.R. Co.,* 579 F.2d 890, 891 (5th Cir.1978).

For the foregoing reasons, the Court GRANTS Defendants Motions to Dismiss Plaintiffs' claims under Title VII and the ADEA.[6]

### D. *Plaintiff's Constitutional Claims*

■ Plaintiffs also allege that the manner in which Defendants conducted the administrative processes regarding Plaintiff Storey's administrative complaint violated Plaintiffs' rights under the Fifth and Fourteenth Amendments to the United States Constitu-

---

5. 28 U.S.C. § 1346(b) confers jurisdiction over claims arising under the Federal Tort Claims Act. Plaintiffs' do not present a claim under the FTCA in this action.

6. Assuming *arguendo* this Court did have subject matter jurisdiction and Plaintiffs' Complaint did state a claim, the head of the agency (here, presumably Defendant Rubin) involved is the only appropriate defendant. *Canino,* 707 F.2d at

472. Thus, all the other Defendants would be entitled to dismissal of Plaintiffs' claims against them under Title VII and the ADEA. Further, Plaintiff Abernethy would not have standing to assert any claims of discrimination on behalf of or along with Plaintiff Storey. Thus, all Defendants would be entitled to dismissal of Plaintiff Abernethy's claims under Title VII and the ADEA.

tion. The Court DISMISSES Plaintiffs' claim under the Fourteenth Amendment because it applies only to state actors and state action. *See* U.S. Const. amend. XIV; *Civil Rights Cases,* 109 U.S. 3, 3 S.Ct. 18, 27 L.Ed. 835 (1883); *Washington v. Secretary of Health & Human Servs.,* 693 F.Supp. 569, 574 (N.D.Ohio 1988).

Regarding Plaintiffs' claim under the Fifth Amendment, Plaintiffs have not shown how Defendants' actions have affected any of Plaintiffs' constitutional rights. The Supreme Court has recognized that federal agencies may be liable for due process violations committed in the course of performing their functions if those functions are adjudicatory. *See Hannah v. Larche,* 363 U.S. 420, 442, 80 S.Ct. 1502, 1514, 4 L.Ed.2d 1307 (1960). However, none of Defendants' actions here is binding and Plaintiff Storey may seek a *de novo* review of his claims of discrimination in federal district court. *Adams v. EEOC,* 932 F.Supp. 660, 665 (E.D.Pa. 1996); *Forbes v. Reno,* 893 F.Supp. 476, 483 (W.D.Pa.1995); *Mitchell v. EEOC,* 888 F.Supp. 710, 713 (E.D.Pa.1995). For this reason, numerous courts have determined that a plaintiff cannot bring a Fifth Amendment due process claim against the EEOC or any other agency based on its investigation or resolution of a claim of discrimination. *McCottrell,* 726 F.2d at 351 n. 1; *Stewart v. EEOC,* 611 F.2d 679, 680 n. 2 (7th Cir.1979); *Francis–Sobel v. University of Maine,* 597 F.2d 15, 18 (1st Cir.1979).

Based on the foregoing, the Court **DISMISSES** Plaintiffs' claim under the Due Process Clause of the Fifth Amendment. The Court also **DISMISSES** Plaintiffs' claim under the equal protection component of the Fifth Amendment because Plaintiffs' Complaint does not allege that Defendants treated Plaintiff Storey differently than any other similarly situated individual. *Strickland v. Alderman,* 74 F.3d 260, 264 (11th Cir.1996); *Mitchell,* 888 F.Supp. at 713.

### III. *CONCLUSION*

For the foregoing reasons, the Court **GRANTS** Defendants' Motions to Dismiss [7–1; 8–1] all of Plaintiffs' claims. The Court **GRANTS** Defendants Rubin, Glazer, Morgan–Gaide, Brooke, Harrington, and Finer's Motion for Extension of Time [12–1] to File Reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss.

The Court directs the Clerk to dismiss Plaintiffs' claims under the APA, Title VII, the ADEA for lack of subject matter jurisdiction. The Court directs the Court to enter final judgment in favor of Defendants on Plaintiffs' claims under the Mandamus and Venue Act and under the Fifth and Fourteenth Amendment of the United States Constitution.