EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
Plaintiff,

v.

KIDDER, PEABODY & CO.
INCORPORATED,
Defendant.

No. 92 Civ. 9243(JES).

United States District Court,
S.D. New York.

Oct. 6, 1997.

James L. Lee, Regional Attorney for the Equal Employment Opportunity Commission, New York City (Delner Franklin Thomas, Nancy Dean Edmonds, of Counsel), for plaintiff.

Morgan, Lewis & Bockius, New York City (George A. Stohner, of Counsel), Mark S. Dichter, Kidder, Peabody & Co. Inc., New York City (Thomas A. Dubbs, Sheila A. Chervin, of Counsel), for defendant.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Plaintiff Equal Employment Opportunity Commission ("EEOC") brings the instant action pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), 29 U.S.C. § 621 *et seq.*, against Kidder, Peabody & Co. Incorporated ("Kidder Peabody") alleging that Kidder Peabody engaged in a pattern and practice of age discrimination in terminating investment bankers over the age of 40 from its Investment Banking Department. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Kidder Peabody moves to dismiss the action. For the reasons set forth below, Kidder Peabody's motion is granted.

## BACKGROUND

On December 23, 1992, the EEOC filed the instant suit seeking back pay, liquidated damages and reinstatement on behalf of 17 former Kidder Peabody employees. *See* Complaint, App.A. However, since that time,

Kidder Peabody has discontinued its investment banking operations. *See* Stipulation and Order dated July 24, 1995, ¶ 5. The EEOC, therefore, no longer seeks injunctive relief, but damages only. *Id.* Moreover, the EEOC stipulates that it no longer seeks relief on behalf of eight of the 17 original claimants, and that of the nine claimants who remain, all have executed securities industry arbitration agreements (either a Form U–4 or other registration application). *Id.* ¶¶ 6, 7, 9.[1] Furthermore, the EEOC stipulates that it has not challenged the validity of those arbitration agreements, although it has challenged Kidder Peabody's right to invoke those agreements on the grounds of waiver and failure to compel arbitration.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Kidder Peabody moves to dismiss the complaint arguing that the EEOC should be precluded from obtaining any individual relief on behalf of claimants who are obligated to arbitrate their discrimination claims. The EEOC argues that (1) precluding the EEOC from seeking monetary relief in this case is contrary to and unsupported by the plain language of *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991); (2) neither the EEOC nor the claimants have waived the well established right of the EEOC to seek monetary relief; (3) allowing the EEOC to seek monetary relief neither "abrogates" the claimants arbitration agreements nor "eviscerates" the purposes of the Federal Arbitration Act ("FAA"); and (4) there is a clear public policy in favor of the EEOC obtaining monetary relief, regardless of whether individual claimants have been required to sign arbitration agreements.

## DISCUSSION

■ Pursuant to Federal Rule of Civil Procedure 12, pleadings are not subject to dismissal unless, as here, it appears to a certainty that a party cannot possibly be entitled to relief under any set of facts which could be proven in support of a claim. *See Conley v. Gibson*, 355 U.S. 41, 46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Harsco Corp. v. Segui*, 91 F.3d 337, 341 (2d Cir.1996).

In *Gilmer v. Interstate/Johnson Lane Corp.*, the Supreme Court addressed the question of whether a claim under the ADEA can be subjected to compulsory arbitration pursuant to an arbitration agreement in a securities registration application. *See Gilmer*, 500 U.S. 20, 23, 111 S.Ct. 1647, 1650–51, 114 L.Ed.2d 26 (1991). In that case, petitioner was required by his employer to register as a securities representative with, among others, the New York Stock Exchange, and signed a U–4 Registration which mandated arbitration of "any dispute, claim or controversy" arising between him and his employer "that is required to be arbitrated under the rules, constitutions or by-laws" of the New York Stock Exchange. *Gilmer*, 500 U.S. at 23, 111 S.Ct. at 1650–51. Petitioner filed an age discrimination charge with the EEOC, and then brought suit against respondent arguing that it terminated him because of his age in violation of the ADEA. *Id.* at 23–24, 111 S.Ct. at 1650–51. In response, respondent moved to compel arbitration, relying on petitioner's registration application. *Id.* at 24, 111 S.Ct. at 1651. The district court denied respondent's motion, and the United States Court of Appeals for the Fourth Circuit reversed. *Id.*

After examining the purposes of the FAA and the ADEA, and the role of the EEOC in enforcing the ADEA, the Supreme Court held that the petitioner had not met his burden of showing that Congress, in enacting the ADEA, intended to preclude arbitration of claims under the FAA. *See Gilmer*, 500 U.S. at 35, 111 S.Ct. at 1656–57. Furthermore, the Court noted that nothing in the

---

1. The EEOC now seeks monetary relief on behalf of the following claimants only: Williams, Hackman, Slocum, Parker, Farrell, Guittarr, Gilmartin, Thiro, and Haarmann. *See* Stipulation and Order dated July 24, 1995, ¶ 9. Of those nine individuals, Messrs. Thiro, Gilmartin and Guittarr have initiated arbitration proceedings, but have sought both to stay and/or withdraw from the arbitration, so that the EEOC may proceed on their behalf. *See* Plaintiff Equal Employment Opportunity Commission's Memorandum Of Law On Why Individual Claimants' Third–Party U–4 Arbitration Agreements Do Not Preclude The EEOC From Obtaining Monetary Relief On Their Behalf, at 2. To the Court's knowledge, the remaining six claimants have not initiated arbitration proceedings. *Id.* at 1–2.

ADEA indicates that Congress intended that the EEOC be involved in all employment disputes, and that such disputes can be settled without any EEOC involvement. *Id.* (citing *Coventry v. United States Steel Corp.,* 856 F.2d 514, 522 (3d Cir.1988); *Moore v. McGraw Edison Co.,* 804 F.2d 1026, 1033 (8th Cir.1986); *Runyan v. National Cash Register Corp.,* 787 F.2d 1039, 1045 (6th Cir.), *cert. denied,* 479 U.S. 850, 107 S.Ct. 178, 93 L.Ed.2d 114 (1986)). However, the Court stated, "it should be remembered that arbitration agreements will not preclude the EEOC from bringing actions seeking class-wide and equitable relief." *Id.* at 32, 111 S.Ct. at 1655.

█ In the instant case, the Court finds that the clear implication of *Gilmer* is that the EEOC may not seek monetary relief on behalf of claimants who have entered into valid arbitration agreements. First, the FAA expresses the strong Congressional preference in favor of enforcing valid arbitration agreements freely entered into by contracting parties. *See Gilmer,* 500 U.S. at 24–25, 111 S.Ct. at 1651. Moreover, the Supreme Court has held that precluding individual suits based on those arbitration agreements is not inconsistent with the purposes underlying the ADEA. *Id.* at 26, 111 S.Ct. at 1652. Nor is it inconsistent with the ADEA for individuals to settle claims with an employer, *id.* at 28, 111 S.Ct. at 1653; *see also* Older Workers Benefit Protection Act, Pub.L. 101–433 (requiring waiver of claim under ADEA to be knowing and voluntary), thereby waiving not only the right to recover in their lawsuit, but also the right to recover in a suit brought by the EEOC on their behalf. *See EEOC v. Cosmair, Inc., L'Oreal Hair Care Div.,* 821 F.2d 1085, 1091 (5th Cir.1987) (stating that employee can waive right to recover in a suit brought by the EEOC on the employee's behalf); *EEOC v. Goodyear Aerospace Corp.,* 813 F.2d 1539, 1543 (9th Cir.1987) (holding that backpay claim by EEOC on behalf of employee who settled Title VII claim is moot).

That being so, it would frustrate the purposes of the FAA if the Court allowed the EEOC to recover monetary relief where parties have agreed to arbitrate their grievances. This is especially true since the public interest in vindicating the damage right of an individual is relatively small. However, where the EEOC seeks broad-based relief designed to have effect beyond the litigants involved in a particular controversy, the public interest is relatively large, and an EEOC suit would therefore be appropriate and consistent with the dicta in *Gilmer.* The Court, therefore, sees no basis upon which the EEOC should be allowed to pursue claims for only monetary relief on behalf of claimants that have valid arbitration agreements when those claimants could have pursued their own damage remedies if they so chose.

█ The Court rejects the EEOC's argument that, by waiting more than two years after the complaint was filed and after a motion for dismissal of the claim on behalf of one individual, Mr. Williams, Kidder Peabody waived its right to invoke the arbitration agreements on the grounds of waiver and failure to compel arbitration. In this case, the EEOC was not a party to any arbitration agreement and thus Kidder Peabody could not have compelled it to arbitrate its claims, which claims, under *Gilmer,* in any event were not subject to arbitration. Nor has the EEOC been prejudiced. Furthermore, the fact that Kidder Peabody initially challenged whether one claimant, Mr. Williams, who was terminated, could properly be a member of the class, did not constitute the litigation of a substantial issue going to the merits, and therefore is insufficient to sustain a claim that arbitration was waived. *See Sweater Bee By Banff v. Manhattan Indus.,* 754 F.2d 457, 461–63 (2d Cir.1985).

## CONCLUSION

For the reasons set forth above, Kidder Peabody's motion to dismiss is granted. The Clerk of the Court is directed to enter judgment accordingly and close the above-captioned action.

It is **SO ORDERED.**