**EQUAL EMPLOYMENT OPPOR-
TUNITY COMMISSION,
Plaintiff–Appellant,**

v.

**KIDDER, PEABODY & COMPANY,
INCORPORATED, Defendant–
Appellee.**

**No. 97–6316.**

United States Court of Appeals,
Second Circuit.

Argued May 5, 1998.

Decided Aug. 28, 1998.

---

Barbara L. Sloan, U.S. Equal Employment Opportunity Commission, Washington, DC (C. Gregory Stewart, General Counsel, Lorraine C. Davis, Associate General Counsel (Acting), Vincent J. Blackwood, Assistant General Counsel, Paul D. Ramshaw, U.S. Equal Employment Opportunity Commission, Washington, DC, on the brief, Delner Franklin–Thomas, U.S. Equal Employment Opportunity Commission, New York City, of counsel), for Plaintiff–Appellant.

Mark S. Dichter, Philadelphia, PA (Morgan, Lewis & Bockius LLP, Philadelphia, PA, George A. Stohner, Michael A. Putetti, Rene M. Johnson, Morgan, Lewis & Bockius LLP, New York City, of counsel), for Defendant–Appellee.

(Jody E. Forchheimer, Richelle S. Kennedy, Bingham Dana LLP, Boston, MA, on the brief and of counsel, Stuart J. Kaswell, Fredda L. Plesser, Office of General Counsel, Securities Industry Association, New York City, of counsel), for Amicus Curiae The Securities Industry Association.

(Ann Elizabeth Reesman, Erin Quinn Gery, McGuiness & Williams, Washington, DC, on the brief and of counsel), for Amicus Curiae Equal Employment Advisory Council.

(William L. Kandel, Rene Kathawala, Orrick, Herrington & Sutcliffe LLP, New York City, on the brief and of counsel, Stephen A. Bokat, Robin S. Conrad, Sussan L. Mahallati, National Chamber Litigation Center, Inc., Washington, DC, of counsel), for Amicus Curiae The Chamber of Commerce of The United States.

Before: FEINBERG, PARKER and PHILLIPS *, Circuit Judges.

PARKER, Circuit Judge:

The Equal Employment Opportunity Commission ("EEOC") appeals from the judgment of the United States District Court for the Southern District of New York (John E. Sprizzo, *Judge*) entered October 6, 1997 dismissing pursuant to Federal Rule of Civil Procedure 12(b)(6) the EEOC's action against defendant-appellee Kidder, Peabody & Company ("Kidder") under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621. Because the individuals for whom the EEOC sought monetary damages

* Honorable J. Dickson Phillips, Jr., of the Fourth Circuit Court of Appeals, sitting by designation.

resulting from the alleged discrimination agreed to submit all claims arising from their employment to binding arbitration, the district court held that the EEOC was barred from seeking monetary damages on their behalf in federal court.

## I. BACKGROUND

On December 23, 1992, the EEOC filed suit under the ADEA against Kidder seeking back pay, liquidated damages and reinstatement on behalf of seventeen former Kidder investment bankers. The EEOC's complaint alleged that Kidder engaged in a pattern and practice of terminating its older employees on the basis of their age. By late 1994, Kidder had discontinued its investment banking operations and thus the EEOC stipulated that it no longer sought injunctive relief.

The EEOC continued to seek back pay and liquidated damages on behalf of nine of the original seventeen former Kidder employees. The nine individuals for whom the EEOC seeks back pay had signed, upon their employment with Kidder, a securities industry arbitration agreement (U–4 registration) in which they agreed to submit any and all claims arising out of their employment with Kidder to binding arbitration. While this action was proceeding, three of the nine arbitrated their claims of age discrimination before a New York Stock Exchange panel which held that their terminations did not violate the ADEA.

Once the EEOC stipulated that it no longer sought injunctive relief, Kidder moved to dismiss the action on the ground that the arbitration agreements signed by the nine former Kidder employees precluded the EEOC's pursuit of back pay and liquidated damages for those employees in federal court. After receiving briefs and hearing argument, the district court granted Kidder's motion to dismiss.

In dismissing the action, the district court relied primarily on the Supreme Court's decision in *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 111 S.Ct. 1647, 114

L.Ed.2d 26 (1991). *EEOC v. Kidder, Peabody & Co., Inc.*, 979 F.Supp. 245, 246–47 (S.D.N.Y.1997). In *Gilmer*, the Court addressed the question of whether an employee's private action under the ADEA could be subjected to compulsory arbitration where the employee was required to sign an arbitration agreement as a condition of registering as a securities representative with several stock exchanges, registration being a condition of employment. The Court held that in enacting the ADEA Congress did not intend to preclude arbitration of claims under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, and that the FAA expresses a strong Congressional preference in favor of enforcing arbitration agreements.

The court below held that "the clear implication of the *Gilmer* decision is that the EEOC may not seek monetary relief on behalf of claimants who have entered into valid arbitration agreements." *Kidder, Peabody & Co., Inc.*, 979 F.Supp. at 247. The court noted that to allow the EEOC to recover monetary damages would frustrate the purpose of the FAA because an employee, having signed the agreement to arbitrate, could avoid arbitration by having the EEOC file in the federal forum seeking back pay on his or her behalf. Had the EEOC been seeking an injunction or other class-wide equitable relief, the district court stated, the public interest in the litigation would outweigh the interest in furthering the federal policy favoring arbitration agreements and the EEOC would be entitled to proceed in the federal forum. However, finding the public interest in vindicating the damage right of nine individuals relatively small in comparison to the public interest in arbitration, the district court dismissed the EEOC's action.[1]

## II. DISCUSSION

■ This case presents an issue of first impression in this Court: whether an arbitration agreement between an employer and employee precludes the EEOC from seeking purely monetary relief for the employee un-

---

**1.** The district court also addressed the EEOC's waiver claim at some length. The EEOC does

not raise that issue on appeal.

der the ADEA in federal court. We hold that it does.[2]

As did the district court, we begin our analysis with the *Gilmer* decision. Although *Gilmer* concerned a private individual's right to bring an ADEA claim in federal court in light of an earlier agreement to submit his claim to binding arbitration, the Court discussed at some length the potential impact of its decision on the EEOC's enforcement authority under the ADEA.

Petitioner Gilmer argued that compelling arbitration of his claim would undermine the role of the EEOC in enforcing the ADEA. Noting that it was unpersuaded by this argument, the Court stated:

> An individual ADEA claimant subject to an arbitration agreement will still be free to file a charge with the EEOC, even though the claimant is not able to institute a private judicial action. Indeed, Gilmer filed a charge with the EEOC in this case. In any event, the EEOC's role in combatting age discrimination is not dependent on the filing of a charge; the agency may receive information concerning alleged violations of the ADEA "from any source," and it has independent authority to investigate age discrimination. See 29 CFR §§ 1626.4, 1626.13 (1990). Moreover, nothing in the ADEA indicates that Congress intended that the EEOC be involved in all employment disputes. *See, e.g., Coventry v. United States Steel Corp.,* 856 F.2d 514, 522 (3rd Cir.1988); *Moore v. McGraw Edison Co.,* 804 F.2d 1026, 1033 (8th Cir.1986); *Runyan v. National Cash Register Corp.,* 787 F.2d 1039, 1045 (6th Cir.1986), *cert. denied,* 479 U.S. 850, 107 S.Ct. 178, 93 L.Ed.2d 114 (1986).

*Gilmer,* 500 U.S. at 28, 111 S.Ct. 1647. In the cited cases, the circuit courts held that an individual's settlement or waiver of a claim under the ADEA preempted a subsequent EEOC action on that claim seeking damages for the individual. The *Gilmer* Court later

noted that "arbitration agreements will not preclude the EEOC from bringing actions seeking class-wide or equitable relief." *Id.* at 32, 111 S.Ct. 1647.

Both before and after *Gilmer,* circuit courts, including this one, have grappled with the relationship between an employee's right or desire to pursue an action under the ADEA and the EEOC's pursuit of a separate action raising the employee's claims. Specifically, courts have addressed whether any action the employee takes in relation to his or her claim (i.e., settlement, waiver, or litigation) affects the EEOC's ability to separately pursue the action in its own name. *See, e.g., EEOC v. Johnson & Higgins, Inc.,* 91 F.3d 1529 (2d Cir.1996); *EEOC v. Harris Chernin, Inc.,* 10 F.3d 1286 (7th Cir.1993); *EEOC v. United States Steel Corp.,* 921 F.2d 489 (3d Cir.1990); *EEOC v. Cosmair, Inc., L'Oreal Hair Care Div.,* 821 F.2d 1085, 1091 (5th Cir.1987).

While recognizing that the EEOC's right of action is separate from the employee's, circuit courts have uniformly held that the EEOC may not seek monetary relief in the name of an employee who has waived, settled, or previously litigated the claim.[3] To justify this result, courts have relied in large measure on the "distinctive enforcement scheme of the ADEA" and the belief that in seeking individual monetary relief, as opposed to class-wide injunctive relief, the EEOC does not represent the public interest to the same degree. *See U.S. Steel Corp.,* 921 F.2d at 496; *Goodyear Aerospace Corp.,* 813 F.2d at 1543.

The enforcement scheme of the ADEA grants individuals authorization to bring actions in federal or state court; however, "the right of any person to bring such actions shall terminate upon the commencement of an action by the Equal Employment Opportunity Commission to enforce the right of such employee under [the ADEA]." 29 U.S.C.

---

**2.** The only other court to have addressed this issue directly concluded that the EEOC was barred from seeking monetary or injunctive relief on behalf of the employee in the federal forum where the employee had signed an arbitration agreement. *See EEOC v. Frank's Nursery & Crafts, Inc.,* 966 F.Supp. 500 (E.D.Mich.1997).

**3.** Courts reach this decision on the ground of res judicata, *see e.g., New Orleans S.S. Ass'n v. EEOC,* 680 F.2d 23, 25 (5th Cir.1982) or mootness, *see e.g., EEOC v. Goodyear Aerospace Corp.,* 813 F.2d 1539, 1543 (9th Cir.1987).

§ 626(c)(1). The ADEA also incorporates by reference the enforcement provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(c), 217, which grant the EEOC power to investigate possible violations, to institute injunctive proceedings and to sue on behalf of aggrieved individuals. *See* 29 U.S.C. 626(b).

The Third Circuit has held that this enforcement mechanism "gives the EEOC representative responsibilities when it seeks private benefits for an individual." *U.S. Steel Corp.*, 921 F.2d at 495. The court noted that:

> [w]e are convinced that Congress would not have crafted this enforcement scheme—on the one hand, creating an individual cause of action, and, on the other, cutting off the individual's right to sue once the EEOC begins its action—unless Congress intended for the EEOC to serve as the individual's representative when it seeks to enforce that individual's rights.

*Id.* at 494–95. As a result, the court found that the EEOC was barred from bringing an action seeking monetary remedies for the employee after the employee had unsuccessfully sued for damages. The Seventh Circuit adopted this same reasoning to hold that the EEOC was barred from recovering back pay or liquidated damages on behalf of an individual who had previously litigated the same claim without success. *See Harris Chernin, Inc.*, 10 F.3d at 1291.

■ These same courts have allowed the EEOC to pursue injunctive relief even where an employee has previously settled, waived or litigated the same claim, because "[b]y seeking injunctive relief 'the EEOC pro-motes public policy and seeks to vindicate rights belonging to the United States as sovereign.'" *Goodyear Aerospace Corp.*, 813 F.2d at 1543 (citation omitted). That is true because "the ADEA is designed not only to address individual grievances, but also to further important social policies" such as deterrence of employment discrimination and prevention of future discrimination through class-wide relief. *Gilmer*, 500 U.S. at 27, 111 S.Ct. 1647. On the other hand, where an individual has freely contracted away, waived or unsuccessfully litigated a claim, "the public interest in a back pay award is minimal." *Goodyear Aerospace Corp.*, 813 F.2d at 1543; *see Harris Chernin, Inc.*, 10 F.3d at 1291; *U.S. Steel Corp.*, 921 F.2d at 496.[4]

■ We find that the reasoning of our sister circuits applies with equal force to the factual circumstances presented here. Moreover, the FAA's "liberal federal policy favoring arbitration agreements" also supports the conclusion that where the individual has freely agreed to arbitrate the ADEA claim, that decision, like the decision to waive or settle a claim, prevents the EEOC from pursuing monetary remedies on behalf of the individual in the federal forum. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). In order to continue to serve its role in protecting the public interest, the EEOC may seek injunctive relief in the federal forum for employees even when those employees have entered into binding arbitration agreements.

We do recognize that the threat of an award of monetary damages has been recog-

---

4. Although the ADEA incorporates by reference the enforcement scheme of the FLSA, the differing legislative purposes behind the Acts have led Congress and the courts to distinguish between the two on the issue of waiver of claims by individuals. Because the FLSA was intended "to secure for the lowest paid segment of the Nation's workers a subsistence wage" an individual cannot waive or settle his or her claim to damages when a bona fide dispute regarding FLSA coverage exists. *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 90 L.Ed. 1114 (1946)(neither wages nor the damages for withholding them are capable of reduction by compromise of controversies over coverage); *see also Runyan* at 1042–44. As noted above, courts have routinely permitted individuals to waive or settle ADEA claims (and thereby waive the EEOC's right to recover monetary damages for the individual). Congress, through the Older Workers Benefit Protection Act, 29 U.S.C. § 626(f), allows an individual to knowingly and voluntarily waive his or her right to sue his employer under the ADEA and to waive "the right to recover in a suit brought by the [EEOC] on his or her own behalf." S.Rep. No. 101–263, pt.5 at 16 (1990), U.S. Code Cong. & Admin. News at 1509, 1521; H.R.Rep. No. 101–664 pt.5 at 54 (1990). This decision, therefore, is limited to the effect of arbitration agreements on the EEOC's right to pursue monetary relief in suits under the ADEA, not the FLSA.

nized by the Supreme Court as important to effective enforcement of the employment discrimination statutes. *See Albemarle Paper Co. v. Moody*, 422 U.S. 405, 417–18, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975). However, our decision does not prevent recovery of monetary damages; rather, the employee is free to seek such remedies through the arbitral process. We see no reason to believe that the threat of an award of monetary damages obtained by a private individual through arbitration has any less deterrent value than the threat of an award of monetary damage obtained by the EEOC. *See Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 45, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974) ("the private litigant not only redresses his own injury but also vindicates the important Congressional policy against discriminatory employment practices")(internal citations omitted). We also note that the EEOC remains armed with the power to seek injunctive relief which calls in many cases for continuing judicial oversight of employers and can liberate large groups of employees from discriminatory practices.

The EEOC argues that *EEOC v. Johnson & Higgins, Inc.*, 91 F.3d at 1536, dictates a finding that an individual cannot waive the EEOC's right to proceed by signing an arbitration agreement. In *Johnson & Higgins, Inc.*, this Court held that even in the face of affidavits from all of the former directors of Johnson & Higgins stating unequivocally that they did not consider themselves victims of discrimination and did not want the EEOC to pursue an ADEA action against Johnson & Higgins, the EEOC was entitled to proceed "in light of the strong public interest in eradicating age discrimination for future J & H directors and the EEOC's broad statutory authority to enforce the ADEA." *Id.* at 1537.

We find *Johnson & Higgins, Inc.* distinguishable. It does not establish that an individual cannot "waive" the EEOC's right to litigate for monetary damages in a federal forum. The Court did not address the issue of monetary damages; rather, the EEOC sought to enjoin the company policy which required directors to retire at age 62. Relief which, if Kidder was still operating as an investment banking firm, the EEOC would

be entitled to pursue in this action. Further, the Court explicitly noted that there were many potential victims for whom the EEOC was also litigating. *Id.* at 1537.

The EEOC notes that regulations defining the EEOC's statutory authority grant the EEOC the power to press a claim on behalf of unwilling claimants. *See* 29 C.F.R. § 1626.13 (1996). Thus, the EEOC argues that where an employee agrees to arbitrate but is unwilling to do so, the EEOC should be permitted to proceed in federal court. We do not believe that the regulation alters the result here. Should an employee who has signed an arbitration agreement feel too intimidated or simply unwilling to proceed on his or her own behalf, the EEOC remains empowered to pursue injunctive relief in federal court with or without the consent of the individual. If the EEOC is successful, the employee could pursue back pay and liquidated damages through arbitration armed with a federal court's finding of discrimination, which certainly would have collateral estoppel effect in the arbitral proceeding. *See McCowan v. Sears, Roebuck & Co.*, 908 F.2d 1099, 1106 (2d Cir.1990). Thus, the parties would not have to "relitigate" the underlying allegation of discrimination.

In sum, this case presents competing public interests—the interest in allowing the EEOC broad authority to pursue actions to eradicate and prevent employment discrimination and the interest in encouraging parties to arbitrate. We believe that the result reached by the district court, allowing the EEOC to pursue injunctive relief in the federal forum while encouraging arbitration of the employee's claim for private remedies, strikes the right balance between these interests. Further, to permit an individual, who has freely agreed to arbitrate all employment claims, to make an end run around the arbitration agreement by having the EEOC pursue back pay or liquidated damages on his or her behalf would undermine the *Gilmer* decision and the FAA.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the decision of the district court dismissing the case.

FEINBERG, Circuit Judge, concurring.

I concur because I believe that the majority opinion correctly reads the import of *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991); *EEOC v. Johnson & Higgins, Inc.*, 91 F.3d 1529 (2d Cir.1996) and the cases from other circuits cited by the majority. However, if we were writing on a clean slate, I would come to a different conclusion. Specifically, I think some of the underlying assumptions made by the cases relied on are subject to grave doubt, undermining my confidence in the result I nevertheless feel constrained to reach.

First, I question the assumption made by the Supreme Court in *Gilmer*, and echoed by the majority opinion here, that ADEA rights can be vindicated equally well in arbitration as they are in the courts. See *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818 (2d Cir.1997); cf. *Halligan v. Piper Jaffray, Inc.*, 148 F.3d 197 (2nd Cir.1998). As observed in *Halligan*, the securities industry is taking steps to respond to criticism that its arbitration procedures are unfair, and several courts have expressed the need for adequate review of arbitration awards to ensure that employees are able to effectively vindicate their statutory rights in arbitration. See *id.* at 201–02. While I agree that the FAA's strong policy favoring arbitration suggests that mandatory pre-dispute arbitration agreements are enforceable, I am uneasy about using that same policy to justify barring EEOC pursuit of monetary damages for employees who were required to sign such agreements as a condition of their employment when statutory rights such as those protected by the ADEA are involved.

Second, I lack the majority's confidence in the "belief that in seeking individual monetary relief, as opposed to class-wide injunctive relief, the EEOC does not represent the public interest to the same degree," majority opinion at p. 301 (citations omitted), and that the deterrent value of damage awards in arbitration is equal to that of damage awards from EEOC action. Majority opinion at pp. 302–303. On the contrary, I find it eminently plausible that the risk of a single, large award in an EEOC case brought on behalf of multiple employees would be a greater deterrent to illegal conduct than the risk of multiple smaller awards obtained by the employees through arbitration, and that EEOC pursuit of monetary damages therefore greatly advances the public interest. See *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 417–18, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975). Although the majority points out that an EEOC victory on injunctive claims could serve as the basis for subsequent arbitral proceedings by the employees, sound principles of judicial administration counsel against requiring this second step when the EEOC is empowered to seek monetary damages in the first proceeding.

Third, I do not share the majority's fear that permitting the EEOC to pursue monetary damages despite a valid arbitration agreement signed by the employees constitutes an "end run around the arbitration agreement." Majority opinion at p. 303. EEOC resources to pursue discrimination claims are limited, and the majority of employees who have signed arbitration agreements will therefore not have the benefit of EEOC involvement. I do not think it likely that the EEOC will pursue monetary damages simply to accommodate employees seeking to avoid arbitration, and do not believe that the FAA would be unduly "undermined" by permitting the EEOC to pursue monetary damages on behalf of employees when it deems such action appropriate.

However, if the above concerns are to be reflected in the law, as I hope they will be, such a change should at this point come from Congress or the Supreme Court and not from this panel. The area of arbitration of statutory rights in the securities industry may need to be reexamined in order to properly protect employees. Until then, I cannot say that the majority has incorrectly applied or interpreted the relevant authorities. I therefore concur in the result in this case.