EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
Plaintiff,

v.

WORLD SAVINGS AND LOAN
ASSOCIATION, INC.,
Defendant.

No. Civ. No. AMD 98–3315.

United States District Court,
D. Maryland.

Jan. 12, 1999.

---

Regina Maria Andrew, Stephen P. O'Rourke, Gerald S. Kiel, EEOC—Baltimore District Office, Baltimore, MD, for plaintiff.

Harriet E. Cooperman, Saul, Ewing, Weinberg & Green, Baltimore, MD, for defendant.

### MEMORANDUM

DAVIS, District Judge.

Plaintiff Equal Employment Opportunity Commission instituted this action against Defendant World Savings and Loan Association, Inc. ("WSLA"), for general injunctive relief for alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and also for the benefit of two former WSLA employees, Ziad George Khoury and Brian A. Shulman, on whose behalf EEOC seeks equitable relief and compensatory and punitive damages. Pending before the court is WSLA's motion to Stay Proceedings and Compel Arbitration. The issues have been fully briefed and no hearing is necessary.

(i)

Khoury and Shulman each signed a pre-employment agreement to arbitrate virtually all claims arising out of his employment relationship with WSLA. Specifically, each agreed to submit to binding arbitration

all claims or controversies ... arising out of my employment· or its termination .... includ[ing] claims for wages or other compensation due; ... breach of contract; ... tort claims; ... claims for discrimination (including but not limited to race sex, religion, national origin, age, marital status, medical condition, disability, or sexual orientation. . . .)

There is no dispute that, as to Khoury and Shulman, the arbitration agreement covers the racial harassment, religion and national origin claims asserted in the complaint by the EEOC in this case in consequence of the termination of their employment at WSLA.

(ii)

The Federal Arbitration Act ("the Act"), 9 U.S.C. § 1 *et seq.*, enunciates a strong "federal policy favoring arbitration," *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), requiring courts to "rigorously enforce agreements to arbitrate." *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 221, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). The Act provides that written agreements to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist in law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Act also provides that a court must stay its proceedings if it is satisfied that an issue before it is arbitrable under the agreement, 9 U.S.C. § 3; and the Act authorizes a federal district court to issue an order compelling arbitration if there has been a failure to comply with the arbitration agreement, 9 U.S.C. § 4.

Consequently, "the Act establishes that, as a matter of law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. . . ." *Moses H. Cone Hosp.,* 460 U.S. at 24–25, 103 S.Ct. 927. It "leaves no place for the exercise of discretion by the district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc.,* 470 U.S. at 218, 105 S.Ct. 1238; *see also Shearson/American Express, Inc. v. McMahon,* 482 U.S. 220, 225–27, 107 S.Ct. 2332, 96

L.Ed.2d 185 (1987); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991), *aff'g*, 895 F.2d 195 (4th Cir.1990) (enforcing pre-dispute agreement to arbitrate federal age discrimination claim).

(iii)

The on-going legal and policy debate which underlies this case presents the question whether, and if so, under what circumstances, the evident tension between the strong federal interest in the arbitration of disputes and the equally strong interest in affording effective relief to victims of invidious employment discrimination, should be resolved in favor of the enforceability of mandatory pre-dispute arbitration agreements between individual applicants and/or employees and employers. *Cf. Wright v. Universal Maritime Service Corp.*, — U.S. —, 119 S.Ct. 391, 142 L.Ed.2d 361 (1998) (holding collective bargaining agreement's general arbitration provision not binding on union member desiring to bring discrimination claim in federal court; agreement to arbitrate federal statutory discrimination claim must be set forth in "clear and unequivocal language"). The EEOC has come out strongly in opposition to such agreements.

In any event, the parties here agree that the EEOC is not foreclosed from prosecuting an enforcement action in its own name as authorized by statute for class-based equitable relief against an employer by virtue of a complaining employee's execution of an arbitration agreement. *EEOC v. Kidder, Peabody & Co., Inc.*, 156 F.3d 298, 302 (2nd Cir.1998); *EEOC v. Harris Chernin, Inc.*, 10 F.3d 1286, 1291–92 (7th Cir.1993). On the other hand, in light of the arbitration agreements executed by Khoury and Shulman, WSLA argues vigorously that any and all claims beneficially "owned" by Khoury and Shulman may not be asserted in a judicial forum, whether such claims are asserted directly by themselves or derivatively by the EEOC. *See Kidder, Peabody & Co., Inc.*, 156 F.3d at 302; *see also EEOC v. Frank's Nursery & Crafts, Inc.*, 966 F.Supp. 500 (E.D.Mich.1997).

The EEOC responds with three arguments, each of which is answered by WSLA. First, the EEOC relies on an opinion from the D.C. Circuit to argue that the instant arbitration agreement is unenforceable because, by its terms, it requires Khoury and Shulman, respectively, to share the costs of arbitration with WSLA. *See Cole v. Burns Intern. Sec. Services*, 105 F.3d 1465–67 (D.C.Cir.1997); *but see id.* at 1488–91 (Henderson, J., dissenting in part). WSLA contends that *Cole* is not binding in this circuit and that, in any event, under Maryland law, the instant arbitration agreement is severable. Second, the EEOC seeks to distinguish cases in which individual monetary relief is unavailable at the behest of the EEOC because the individual previously settled his claim, from the circumstances here, in which an alleged victim of discrimination has agreed to seek individual monetary relief only in an arbitral forum. WSLA contends that there is no principled distinction between the two kinds of cases, and that the EEOC is foreclosed from seeking individual relief in both circumstances.

Finally, the EEOC seems to contend that the enthusiasm demonstrated by the United States Court of Appeals for the Fourth Circuit for the enforceability of mandatory pre-dispute arbitration agreements covering statutory non-discrimination claims, *see generally Johnson v. Circuit City Stores*, 148 F.3d 373 (4th Cir.1998); *O'Neil v. Hilton Head Hosp.*, 115 F.3d 272 (4th Cir.1997); *Austin v. Owens– Brockway Glass Container, Inc.*, 78 F.3d 875 (4th Cir.1996), *cert. denied*, — U.S. —, 117 S.Ct. 432, 136 L.Ed.2d 330 (1996); is unwarranted as a matter of policy, *see generally Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 163 F.3d 53, n. 4, (1st Cir.1998), and erroneous as a matter of law, *see* EEOC's Mem. in Opp. at 8 ("In short, while recognizing its precedential value upon this court, the EEOC respectfully submits that the Fourth Circuit in [*Austin*] misconstrued controlling law.").

Of course, unlike the EEOC, I am not free to indulge the extravagance of calling into question the correctness of the Fourth Circuit's interpretation of law; its interpretation is binding upon this court. Moreover, it is highly unlikely, to say the least, that the Fourth Circuit will retreat from its expansive approach to construing as enforceable man-

datory pre-dispute arbitration agreements. *See e.g., Johnson,* 148 F.3d at 378 (suggesting that even where the *employer* does not agree to submit *its* claims to arbitration, pre-dispute arbitration agreement requiring *employee* to submit *her* claims to arbitration is nevertheless enforceable). In this light, then, it cannot be predicted with confidence that the Fourth Circuit will allow the EEOC to obtain for the individual employee victim of unlawful discrimination that which he is foreclosed from pursuing—through his voluntary execution of a mandatory pre-dispute arbitration agreement—in his own right: individual monetary relief in a judicial forum.

Thus, the EEOC is correct to point out that WSLA's Motion to Stay and to Compel Arbitration is not, strictly speaking, well-taken, insofar as it is premised on the fiction that Khoury and Shulman are parties to this case—they are not. Indeed, I read the EEOC's Opposition to say that Khoury and Shulman have determined affirmatively not to pursue their arbitral remedy. Instead, it appears that they, presumably in consultation with the EEOC, have decided to forego their individual claims in any forum in deference to an enforcement action by the EEOC in which their individual claims might be advanced. Inasmuch as I have rejected that possibility in ruling on the motion for stay, it may well be that the EEOC wishes to seek immediate appellate review of that issue before proceeding with its claims for class-based equitable relief. In other words, the EEOC may well consider a claim for class-based equitable relief only is not in the public interest, in view of the need to allocate its limited resources or perhaps for other reasons.

To facilitate appellate review, therefore, I shall issue an order denying the motion for stay and to compel arbitration and, *sua sponte,* dismissing this case with prejudice. If, contrary to my present understanding, the EEOC wishes to prosecute this action as one for class-based equitable relief only, reserving until final judgment appellate review of the issue of whether it may seek individual monetary relief on behalf of former employees who—like Khoury and Shulman, voluntarily became parties to a mandatory pre-dispute arbitration agreement, then I shall, on motion, vacate the within Order and issue

a scheduling order allowing discovery to go forward.