## Application of the OXFORD MEDICAL GROUP, P.C. Petitioner,

v.

**Ahad VOSSOUGHIAN, M.D., United States Equal Employment Opportunity Commission and Evonne Jennings Tolbert as Acting Commissioner of the New York State Division of Human Rights, Respondents,**

**for An Order Pursuant to FRCP 81 and 9 USC § 3 Staying or Dismissing the Investigation/Processing or Proceedings of Complaints Made By Ahad Vossoughian to the United States Equal Employment Opportunity Commission and The New York State Division of Human Rights.**

**No. 01 CIV. 4802(CM).**

United States District Court, S.D. New York.

July 30, 2001.

Jack S. Dweck, The Dweck Law Firm, LLP, New York City, for Petitioner.

Robert L. Becker, Raff & Becker, L.L.P., New York City, Stephanie Garner, Washington, DC, Carrie Heather Cohen, State of N.Y. Office of the Attorney General, New York City, for Respondents.

## DECISION AND ORDER DISMISSING COMPLAINT WITH PREJUDICE

MCMAHON, District Judge.

Plaintiff Oxford Medical Group, P.C., is a medical practice group headquartered in Westchester County, New York. Dr. Ahad Vossoughian was hired by Oxford effective July 6, 1999, pursuant to an employment contract. (Dweck Aff. at Ex. 1) The contract contained an arbitration clause that provided as follows:

14. Arbitration

The parties agree to do their best to work out ways and means, in good faith, by frank and fair discussion between them, to amicably settle any disagreements, claims, questions or controversies which may arise out of or relate to this Agreement or out of its interpretation or any alleged breach thereof. In case of failure to reach accord by any such direct ways and means, all claims, disputes, or other matters in question between the parties to this Agreement, arising out of, or relating to this Agreement or breach thereof, shall be decided by arbitration in the County of Westchester in accordance with such rules and regulations of the American Arbitration Association as may then be in effect. The parties agree to abide by the decision of the arbitrator and such decision may forthwith be converted, if necessary, into a judicial decree or order by any court of competent jurisdiction. The costs of arbitration, including attorneys' fees, shall be borne in accordance with the determination of the arbitrators. Nothing contained

in this Section shall be deemed to preclude the Corporation from seeking relief by way of an injunction or specific performance in the event that the Corporation could be irreparably injured by the action or failure to act of the Employee.

Within a year, Dr. Vossoughian's employment relationship with Oxford deteriorated, and Oxford ultimately fired the doctor. Oxford and Dr. Vossoughian disagree about the reasons why, but that disagreement is of no relevance to this Court, except to note that Dr. Vossoughian, who is 70 years old, believes that he was fired because of his age, and that Oxford vigorously disputes this allegation.

On January 12, 2001, Oxford suspended Dr. Vossoughian pending an investigation into allegations that he had given substandard care to patients. On January 15, 2001, Oxford filed a demand for arbitration in which it sought both a declaratory judgment that Dr. Vossoughian had breached his employment agreement and enforcement of the restrictive covenant and confidentiality provisions contained therein. On January 27, 2001, Dr. Vossoughian received a letter from Oxford that terminated his employment, purportedly for cause. On February 6, 2001, Dr. Vossoughian filed his own demand for arbitration alleging that Oxford had breached the employment agreement and seeking declaratory judgment that the liquidated damages, restrictive covenant, and confidentiality provisions of the agreement were illegal and unenforceable.

Three days later, on February 9, 2001, Dr. Vossoughian filed charges of discrimination and retaliation with The New York State Division of Human Rights (SDHR) against Oxford and Dr. Marc J. Strauss, its President. Pursuant to the workshare agreement between the United States Equal Employment Opportunity Commission (EEOC) and the SDHR, see 29 C.F.R. §§ 1601.13(a)(3) and (4), Dr. Vossoughian's charge was cross-filed with the EEOC.

On March 16, 2001, Oxford amended its demand for arbitration to include Dr. Vossoughians' age discrimination claims against it. Oxford also demanded that the Arbitrator enjoin any investigation into Dr. Vossoughian's charges by the EEOC or SDHR. By order dated April 12, 2001, the Arbitrator ruled that the age discrimination claim was subject to arbitration, in light of *Circuit City Stores, Inc. v. Adams,* 532 U.S. 105, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001), but that he had no authority to enjoin either administrative agency from processing Dr. Vossoughian's complaint. By subsequent order dated May 25, 2001, the Arbitrator ruled that he did not have jurisdiction to hear Dr. Vossougian's age discrimination claim against Dr. Strauss, on the ground that he was not a party to the contract containing the arbitration clause.

On May 15, 2001, Oxford filed a petition in which it seeks, pursuant to section 3 of the Federal Arbitration Act, 9 U.S.C. § 3 ("FAA") to stay the SDHR and the EEOC from investigating Dr. Vossoughian's charge of discrimination[1]. Oxford's time to answer the charge of discrimination has

---

1. Oxford purports to file this petition pursuant to Section 4 of the FAA, which permits a party to an arbitration agreement to file a petition in order to obtain an order compelling a recalcitrant party to arbitrate. Section 4 does not authorize the filing of a petition against the EEOC or a corresponding State administrative agency. Furthermore, it does not afford a basis for suit against Dr. Vossoughian, since Petitioner is not seeking an order to compel the doctor to arbitrate—and for good reason, since he is already arbitrating. It does seek to prevent Dr. Vossoughian from pursuing his complaint with the EEOC and the SDHR, but Section 4 of the FAA does not authorize me to issue such an order.

been extended, by stipulation of the parties, until such time as this motion is decided.

The motion is denied, for the following reasons:

(1) This Court lacks subject matter jurisdiction over the EEOC and the SDHR..

(2) Administrative proceedings may not be stayed pursuant to the FAA.

In other words, this Court is wholly without authority to entertain this wrongheaded action. It is, accordingly, dismissed.

(1) *This Court lacks subject matter jurisdiction over the EEOC and SDHR.*

■ The Petition on its face purports to be brought under Fed.R.Civ.P. 81 and Section 3 of the FAA. Rule 81 provides only that the Federal Rules of Civil Procedure apply in proceedings brought under the FAA, but only to the extent that matters of procedure are not provided for in the FAA itself. This is not a jurisdiction-conferring provision of law.

■ This leaves Section 3 of the FAA, which is the provision that grants courts the authority to stay court proceedings in aid of arbitration. It is, however, well-settled that the FAA does not confer subject matter jurisdiction on federal courts, even though it creates federal substantive law. *Southland Corp. v. Keating,* 465 U.S. 1, 16 n. 9, 104 S.Ct. 852, 862 n. 9, 79 L.Ed.2d 1 (1984); *Greenberg v. Bear, Stearns & Co.,* 220 F.3d 22, 25 (2d Cir. 2000), *cert. denied,* 531 U.S. 1075, 121 S.Ct. 770, 148 L.Ed.2d 669 (2001). Instead, a party seeking to invoke the protection of the FAA in federal court must assert an independent basis for subject matter jurisdiction, such as a federal question or diversity of citizenship. *Greenberg,* 220 F.3d at 25. No such claim is asserted here against either the EEOC or the SDHR. The underlying dispute between Dr. Vossoughian

and Oxford arises under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.,* but no claim is asserted under that statute against either administrative agency, and for good reason—the ADEA does not provide for a claim to be brought against the EEOC or a sister State agency. Section 7 of ADEA, 29 U.S.C. § 626, provides that an aggrieved person may initiate a suit against an employer alleged to have violated the Act, and Section 15 of ADEA, 29 U.S.C. § 633a, permits federal employees and applicants for federal employment to bring actions for violations of ADEA against the discriminating agency. Like its sister statute, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.,* ADEA does not confer jurisdiction over an action against the EEOC "challenging any aspect of the administrative processes (or any application of that process) by which complaints of discrimination are investigated and resolved." *Storey v. Rubin,* 976 F.Supp. 1478, 1483 (N.D.Ga.1997). The ADEA simply dos not provide a remedy against the EEOC for individuals who are not EEOC employees or applicants for employment with the EEOC. *Sterling v. Lehman,* 574 F.Supp. 415, 417 (N.D.Cal. 1983). And it does not, by its terms, provide any remedy for anyone against a State agency working with the EEOC under a work-share agreement.

In his reply memorandum of law, Petitioner Oxford ignores these well-settled principles and insists that he can bootstrap the ADEA dispute between it and Vossoughian into jurisdiction over the agencies that are charged with enforcement of that statute. Oxford is wrong. As the Second Circuit held in *Westmoreland Capital Corp. v. Findlay,* 100 F.3d 263, 267 (2d Cir.1996), federal subject matter jurisdiction in the dispute that underlies a proceeding brought pursuant to the FAA can-

not serve as the basis of federal question jurisdiction in the FAA proceeding.

The parties do not contend that there is diversity of citizenship between Oxford and either SDHR or Vossoughian; all are New Yorkers. So there is no possibility of invoking diversity jurisdiction in this proceeding.

(2) *The FAA Does Not Confer Authority to Enjoin Administrative Proceedings*

■ Even if there were subject matter jurisdiction over the parties, this Court lacks the power to enjoin administrative proceedings at either the EEOC or the SDHR.

Section 3 of the FAA, 9 U.S.C. § 3, provides as follows:

> If a suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

This language, which is to be read literally, *China Union Lines Ltd. v. American Marine Underwriters, Inc.*, 458 F.Supp. 132, 135 (S.D.N.Y.1978), could not be more clear. It confers on a judge of this Court the power to stay a *judicial proceeding* (not an administrative one) that is *pending in this court* (and no other) upon application of *one of the parties* (and no one else). Oxford seeks to stay an administrative proceeding (not a judicial one) that is pending before two administrative agencies (not this court), and because there is no pending litigation, there are no parties to bring the application for a stay. Three strikes and Oxford is out. Furthermore, neither the SDHR nor the EEOC is a party to the arbitration agreement between Oxford and Vossoughian, and Section 3 only extends injunctions in aid of arbitration to parties to an arbitration agreement. *EEOC v. Waffle House, Inc.*, 193 F.3d 805, 810–11 (4th Cir.1999), *cert. granted on other grounds*, —— U.S. ——, 121 S.Ct. 1401, 149 L.Ed.2d 344 (2001); *EEOC v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448 (6th Cir.1999).

Courts have routinely held that Section 3 stays do not extend to administrative proceedings. *Hornblower & Weeks–Hemphill Noyes, Inc. v. Csaky*, 427 F.Supp. 814, 819 (S.D.N.Y.1977) ("The [FAA] also does not provide for a stay of administrative proceedings. The lack of such a provision is consistent with a longstanding public policy of hesitancy to interfere with administrative proceedings before all administrative remedies have been exhausted...."). This is true even though Dr. Vossoughian must arbitrate his claims, pursuant to the arbitrator's order. Both the EEOC and the SDHR are free to investigate any employer's conduct, and to bring proceedings in their own right should they find that discrimination exists. The fact that they may not recover damages on Dr. Vossoughian's behalf, as they could if he were not subject to an arbitration agreement, *see EEOC v. Kidder Peabody & Co., Inc.*, 156 F.3d 298 (2d Cir. 1998), does not prevent these agencies from carrying out the mandate to investigate and eradicate employment discrimination as they were ordered to do by Congress and the New York State Legislature. Indeed, the United States Supreme Court held long ago—in the very case relied upon by Oxford—that arbitration agree-

ments will not preclude the EEOC from bringing actions seeking class-wide and equitable relief, *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 32, 111 S.Ct. 1647, 1655, 114 L.Ed.2d 26 (1991), and that an individual who signs an arbitration agreement is nonetheless free to file a charge with the EEOC. *Id.* at 28, 111 S.Ct. at 1653. This has been settled law for a decade, and nothing the Second Circuit held in *Kidder Peabody* purported to reverse that clear ruling of the United States Supreme Court. Petitioner's attempt to stay these administrative proceedings is not only misguided, it is frivolous to the point of bordering on, if not crossing, the Rule 11 line.

The motions by the EEOC and the SDHR to dismiss the instant petition are granted, and the Petition is dismissed, with costs against Petitioner.

The petition seeks no cognizable relief against Dr. Vossoughian, and the court lacks jurisdiction over him in any event. The petition is dismissed as against him, as well, with costs against Oxford.

The Clerk is directed to close the file.